LININGER & METCALF CO. v. B. D. MILLS.

[FILED APRIL 8, 1890.]

Chattel Mortgages: REPLEVIN: DEFENDANT NOT IN POSSESSION. One J. N. P. gave a chattel mortgage to the plaintiffs March 3, 1887, on "one white cow, three years old," and subsequently, on August 21 following, gave defendant a like mortgage on "one three-year-old white cow, named Flower," which the defendant took into possession and disposed of. The plaintiff brought replevin, and the property was not found. It was stipulated that there was but one white cow in the transaction. *Held*, That under sec. 193 of the Code the plaintiff is entitled to recover the value of the property.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*C. C. Flansburg,* and *John Everson,* for plaintiffs in error :

As defendant once had possession, though he afterward parted with it, replevin is the proper remedy. (*Barnett v. Selling,* 70 N. Y., 494; *Nichols v. Michael,* 23 Id., 270–272; *Grace v. Mitchell et al.,* 31 Wis., 533–537; *Dudley v. Ross,* 27 Id., 679–681; *Gallagher v. Bishop,* 15 Id., 276; *Pangburn v. Partridge,* 7 Johns. [N. Y.], 140; *Marshall v. Davis,* 1 Wend. [N. Y.], 109; *Wheeler v. McFarlane,* 10 Id., 318; *Rogers v. Arnold,* 12 Id., 30; *Brockway v. Biernap,* 16 Barb. [N. Y.], 309–13; *Hainer v. Lee,* 12 Neb., 456; Wells, Replevin, sec. 151.)

*Morning & Keester, contra:*

Replevin will not lie against one who parted with possession before commencement of suit. (*Hainer v. Lee,* 12 Neb., 453; *Gaff v. Harding,* 48 Ill., 148; Wells, Replevin, secs. 34, 50, 52, and 137; *Hove v. McHenry,* 15 Reporter, 208; *Bogan v. Stoutenburgh,* 7 O. pt. 2, 133; *Richardson v. Reed,* 4 Gray [Mass.], 443–444.) The gist of the action is unlawful detention of property at that time. (*Haggard v. Wallen,* 6 Neb., 271; *Mercer v. James,* Id., 406; *Moore v. Kepner,* 7 Id., 209.)

COBB, CH. J.

This is an action in replevin instituted by plaintiff in error against defendant in error, to recover possession of one white cow claimed by plaintiff under and by virtue of a chattel mortgage executed by one James N. Pettijohn, the owner thereof, to plaintiff. Failing to find the property, the action proceeded as one for damages, and was heard on the following stipulation of facts:

"It is hereby stipulated and agreed by and between the parties to the above entitled action that one James N. Pettijohn gave a mortgage to plaintiff on a cow described as follows: 'one white cow three years old,' and that said mortgage was dated and filed on the 3d day of March, 1887, and is still in force and unpaid.

"That there was nothing in said mortgage giving the location of said property except the words 'now in my possession,' and the county.

"That demand was duly made for the property before commencement of this suit, and while it was in the possession of said defendant.

"That defendant had a mortgage given by James N. Pettijohn on a cow described as follows: 'one three year old white cow named Flower,' dated August 21, 1887, and that said defendant afterwards took possession of a white cow two years old, under said mortgage, and had parted with the possession of said cow before this suit was commenced.

"That the value of said cow is fifteen dollars, and the said Pettijohn, at the time of giving both of said mortgages, had but one white cow."

The district judge, before whom said cause was heard, found all the issues under said stipulation in favor of said defendant. A motion for a new trial having been made and overruled, the plaintiff prosecutes error to this court for the reasons:

1. That the verdict is contrary to law and the evidence and should have been for the plaintiff.

The only evidence contained in the bill of exceptions is a stipulation signed by the attorneys of the respective parties, the substance of which is set out in the above statement. From this stipulation it appears that on the 3d day of March, 1887, one James N. Pettijohn executed a mortgage to the plaintiff upon chattels therein described as "one white cow, three years, now in my possession in Harlan county,"

which mortgage was filed for record on the same day and is still in force and the debt for which the same was given is still unpaid; that on the 21st day of August, 1887, said James N. Pettijohn executed a mortgage to defendant upon chattels therein described as "one three year old white cow named Flower," and that said defendant afterwards took possession of a white cow two years old, under said mortgage, and had parted with the possession of said cow before "this suit was commenced"; that the value of said cow was fifteen dollars, and the said Pettijohn, at the time of giving both of said mortgages, had but one white cow.

It thus appears that the two chattel mortgages were given by Mr. Pettijohn upon the same identical property. It is not customary in describing live stock in legal papers to give the age of the animal with greater precision than so many years. So that a calf of the year 1884 would be properly described on the 2d day of March, 1887, as a three-year old, and on the 21st day of August of the same year the same description would be equally. applicable. Had Mr. Pettijohn owned and had in his possession in Harlan county more than one white cow three years old, the description would have been uncertain; but that matter is set at rest by the clause in the stipulation, that he owned but one white cow at that time. It also appears the cow that the defendant took on his mortgage from Pettyjohn was at the time of such taking two years old. It does not appear when he took such possession; it may have been immediately after the execution of his mortgage. By taking possession of the cow, under his mortgage, the defendant waived the misstatement of the age of the cow in his mortgage, and this waiver must be held to also apply to the same misstatement in the mortgage of the plaintiff; and this misstatement in both instances will, in the absence of proof to the contrary, be held to be an honest mistake by the parties, or the person or persons who drafted the mortgages.

Section 193 of the Code provides that "when the property claimed has not been taken  *  *  *  the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper."

The fact that the defendant had possession of the chattel property at one time, after the right of the plaintiff attached thereto, is established by the stipulation; his having parted with such possession before the commencement of the suit, so that the sheriff could not take the same under the order of replevin, brought the case within the operation of the section of the statute above quoted, but did not otherwise affect the rights of the plaintiff.   The value of the chattel property was settled at fifteen dollars by the terms of the stipulation.   As there is nothing to be settled by a new trial, the cause will not be remanded, but judgment will be rendered in this court for plaintiff for the sum of fifteen dollars and costs.

JUDGMENT ACCORDINGLY.

THE other judges concur.