## HEIDIMAN-BENOIST SADDLERY COMPANY ET AL. V. JOSEPH SCHOTT.

FILED SEPTEMBER 21, 1899.  No. 8,955.

1. **Chattel Mortgages: POSSESSION BY MORTGAGOR: FRAUD.** The fact that a mortgagor of chattels remains in possession thereof after making the mortgage, is only presumptive evidence of fraud, which may be overcome by proper proof.

2. ———: **FRAUD: INTENTION.** Whether the mortgage is fraudulent depends on the intention of the parties, and is not a question of law for the court, but a question of fact for the jury.

3. **Replevin: JUDGMENT FOR PLAINTIFF.** In an action of replevin the plaintiff is entitled to a verdict and a judgment for the property or the value of the property, which was wrongfully withheld from him by the defendant when the suit was instituted.

4. ———: **DAMAGES.** In replevin the plaintiff can not recover damages for property which was not in defendant's possession, or under his control at the beginning of the suit.

ERROR from the district court of Holt county.  Tried below before KINKAID, J.  *Affirmed upon filing of remittitur.*

*H. M. Uttley,* for plaintiffs in error.

*R. R. Dickson, contra.*

SULLIVAN, J.

Joseph Schott brought this action against the plaintiffs in error to recover possession of a stock of merchandise.  Some of the property described in the order of delivery was seized by the sheriff, and turned over to the plaintiff.  But the greater portion of it could not be found.  At the trial, the right of possession was claimed

by both parties under chattel mortgages executed to them by the original owner, J. F. Pfunder, of the city of O'Neill. The plaintiff's mortgage was made and recorded December 13, 1893. Three days later the defendants obtained their mortgages. At the same time they took possession of Pfunder's store, and proceeded to sell the mortgaged stock in the usual course of the retail trade. After they had been in possession for eight months, or thereabouts, this suit was commenced against them. The jury found the issues in favor of the plaintiff; they found the value of the property taken on the writ to be $135, and the value of the property sold and disposed of to be $280. The court denied a motion for a new trial, and rendered judgment confirming plaintiff's possessory title and awarding him as damages the value of the property dissipated before the commencement of the suit. The defendants prosecute error. They insist, first, that the court should have given the jury a peremptory direction to return a verdict in their favor, because the evidence conclusively shows that the mortgagor remained in possession of the stock, and dealt with it as his own for the space of three days. It does not appear by the mortgage, or otherwise, that Pfunder was disposing of the property for his own benefit by the plaintiff's authority, or with his consent. Whether the mortgage was fraudulent as to defendants, who were creditors of Pfunder, was a question of fact for the jury to determine from a consideration of all the facts and circumstances proven on the trial. That the mortgagor continued in possession of the store and continued to dispose of the stock in the ordinary way was a circumstance tending to prove fraud; but it was by no means conclusive. The validity of the mortgage depended on the intention of the parties, and that, according to the provisions of our statute, was not a question of law for the court. See Compiled Statutes, 1897, ch. 32, sec. 20; *Turner v. Killian*, 12 Nebr., 580; *Lepin v. Coon*, 54 Nebr., 664.

It is next contended that the verdict and the judgment

are not supported by sufficient evidence. This contention must be sustained. The action, being primarily for possession, must be brought against one having the custody or control of the property. If the defendant has parted with its possession, the remedy must be against him in some other form of action. In Cobbey, Replevin, section 64, it is said: "Replevin will not lie against one who is not detaining the property when the writ is sued out. It is the condition of things when the suit is commenced which furnishes the ground for the action. It is strictly a possessory action and it lies only in behalf of one entitled to possession against one having, at the time the suit is begun, actual or constructive possession and control of the property." With a qualification not material to this case, the rule stated by the learned author was recognized and approved by this court in *Depriest v. McKinstry*, 38 Nebr., 194, where it was said that the plaintiff in replevin must allege and prove, not only that the property was in the defendant's possession or control when the suit was instituted, but also that it was wrongfully withheld. The adjudications elsewhere are to the same effect. See *Moses v. Morris*, 20 Kan., 208; *State v. Jennings*, 14 O. St., 73; *Willis v. De Witt*, 3 S. Dak., 281; *Hall v. White*, 106 Mass., 599; *McHugh v. Robinson*, 71 Wis., 565.

It is argued in the brief filed on behalf of plaintiff that section 193 of the Code of Civil Procedure authorizes the practice adopted by the trial court in this case. The section is as follows: "When the property claimed has not been taken, or has been returned to the defendant by the sheriff for want of the undertaking required by section one hundred and eighty-six, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper; but if the property be returned for want of the undertaking required by section one hundred and eighty-six, the plaintiff shall pay all costs made by taking the same." This section permits the plaintiff to recover the value of chattels which were properly the subject of the suit. It doubtless

warrants a judgment in his favor for the value of any part of the property not found by the officer charged with the execution of the writ. But it does not justify a recovery without proof that the material averments of the petition are true. It does not change the rule that a litigant is entitled to affirmative relief only to the extent that the evidence sustains the facts alleged in his pleading. The judgment will be affirmed if the plaintiff shall file in this court within thirty days a remittitur for $280; otherwise it will be reversed.

JUDGMENT ACCORDINGLY.