EDWIN E. BURR v. DONALD McCALLUM.

FILED DECEMBER 6, 1899. No. 9,040.

1. **Replevin: Issue: Damages.** In an action of replevin the inquiry is of the property in the possession of and wrongfully withheld from the plaintiff by the defendant at the commencement of the suit. There can be no recovery of damages by plaintiff for property of which the defendant had not possession or control when the case was begun.

2. ——: ——: ——: **Evidence.** The verdict, to the extent it was for damages for property not taken under a writ of replevin, *held* not sustained by the evidence, but the contrary decided in regard to property taken.

3. **Instructions: Evidence.** Actions of the trial court in giving and refusing to give instructions determined without prejudicial error, to the extent they embodied statements or matters relative to the portion of the verdict which there was evidence to sustain.

4. ——: ——: **Requests.** A jury should be charged to base its finding solely upon the evidence; but a failure in this regard is a non-direction and not fatal, if, for the complainant, there was not prepared and asked an instruction on the subject.

ERROR from the district court of Webster county. Tried below before BEALL, J. *Affirmed upon filing of remittitur.*

*James McNeny, J. S. Gilham* and *R. McNitt,* for plaintiff in error.

*George R. Chaney, H. D. Walden* and *J. M. Chafin, contra.*

HARRISON, C. J.

It appears that during a number of months prior to October 3, 1893, Ruth A. McCallum had in cribs belonging to plaintiff in error, in Guide Rock, this state, some "ear corn," and on or about the date mentioned the defendant in error, who was acting for Ruth A. McCallum, who was his mother, was informed by plaintiff in error that he desired the corn removed from the cribs, and he offered to aid in procuring another place to which the corn might be transferred and stored. The two saw one C. Trimble, who was in charge of an elevator in Guide Rock for I. A. Mason, of Hastings, Iowa, and made an arrangement that the corn be put into the elevator, there to be kept for an indefinite time at a charge for storage of $1 per month. The corn was shelled and, pursuant to agreement, placed in the elevator, there being of it a trifle more than 653 bushels. Mrs. McCallum died, and the defendant in error was appointed executor of her estate. This was subsequent to the commencement of this action, one of replevin to obtain possession of the corn, and there was a revivor of the action in the name of the executor. There was a jury trial of the issues, a verdict and judgment in favor of the executor, and the adverse party has removed the cause to this court for review. Errors are assigned of the giving by the court of certain instructions on its own motion, also of refusals to embody in the charge a requested instruction for plaintiff in error. It is also urged that the evidence was insufficient to sustain the special findings and verdict.

The evidence disclosed that when the corn was put into the elevator Trimble was in charge, also that, in the springtime of 1894, he was not actively conducting the elevator and grain business; but the plaintiff in error was then attending to it in Trimble's stead. When grain was purchased, a check was given on the local bank, to which

the name of I. A. Mason was signed by the plaintiff in error, and returns from sales of grain were credited in the bank to the account of I. A. Mason. At the time the corn was deposited in the elevator, the defendant in error knew that the elevator belonged to, and believed the business was being transacted for, I. A. Mason. The defendant in error testified that on April 3, 1894, he saw the plaintiff in error and asked him if the corn was then in the elevator, and was answered that it was. The defendant in error also testified that he further asked who was responsible to him for the corn, and the plaintiff in error replied that he was, and would then give a check for it, if the defendant in error desired it; and he then stated that he did not want the check if the corn was all right. He also testified that he did not then wish to sell the corn. About August 7, 1894, the defendant in error made a contract of sale of the corn to one Montgomery, but when the would-be purchaser went to the elevator to get the corn he could not "find it." Defendant in error further stated that he then went to the bank and inquired if "I. A. Mason had any money in the bank," and the answer was "No"; that he asked plaintiff in error where Mr. Trimble was, and was told he had gone away; that plaintiff in error also informed defendant in error there was no money in the bank. This was on August 13, 1894. This action was then commenced, and, after the sheriff had received the writ of replevin, he and defendant in error went to the elevator, but found it almost empty. It contained about fifty bushels of corn, of which possession was taken by the officer, and the same was delivered to the defendant in error.

It is insisted that the evidence was insufficient to sustain the verdict. In regard to the corn sought to be recovered in excess of what was discovered in the elevator, taken under the writ and delivered to the defendant in error, this contention must be sustained. It is clear from the evidence that no other corn was in the possession of the plaintiff in error, and no verdict or judgment against

him was warranted for corn other than he had under his control when this suit was commenced. It is the condition of things at the beginning of the suit which furnishes the ground of the action. It was not proved that the plaintiff in error had, when this suit was brought, either actual or constructive possession or control of any corn other than the fifty or more bushels then in the elevator. There could be no recovery of damages for any corn which he did not have or control at the time of the institution of the suit. See *Heidiman-Benoist Saddlery Co. v. Schott*, 59 Nebr., 20, 80 N. W. Rep., 47. Relative to the fifty or more bushels of corn found in the elevator and taken by the officer by virtue of the writ of replevin, there was sufficient proof to support a verdict against the plaintiff in error; that is to say, he was in possession of it and detained it from the defendant in error.

It is argued that no demand on plaintiff in error for the corn was shown. The testimony on this subject is not as clear and definite as in some cases, but there were facts which would warrant and sustain a conclusion that a demand, probably not in strict terms or so many words, was made for the corn and refused.

Objections are urged to the substance of the charge of the court on its own motion to the jury; also of its refusal to give certain instructions prepared and requested for plaintiff in error. To the extent those given and refused referred to the corn other than was discovered by the officer in the elevator the instructions given were defective, but relative to the corn which was taken there was in them no error which was prejudicial to the complainant, nor was there any prejudicial error in the refusal to read those proffered for plaintiff in error.

It is contended that the instructions, considered consecutively or as a whole, were erroneous, in that the jury was not directed that their findings must be from the evidence. It is true that the instructions did not by a general statement or direction, nor in any or each paragraph of the charge, require the findings to be from a consider-

ation of the evidence. A jury is sworn to a true verdict given according to the evidence, but there should be in the charge an injunction that their conclusions be drawn .from the evidence, and it is error not to so instruct; but it is a non-direction and not a misdirection. If a party desires an instruction on this point, he must present it and request that it be given; or that it was not, will not work a reversal of a judgment. There was no instruction asked on the point that the jury, in its deliberations and decisions, must be confined to and governed by the evidence, and the error is not available. The defendant in error may, within forty days, file a remittitur of the sum of $301 as of the date of judgment. If this is done, the judgment, as thus reduced, is affirmed; if not done, the judgment is reversed, and the cause remanded.

JUDGMENT ACCORDINGLY.