SINGER SEWING MACHINE COMPANY, APPELLANT, V. WILLIAM ROBERTSON, JR., APPELLEE.

FILED SEPTEMBER 26, 1910. No. 16,026.

1. **Replevin:** EXECUTION OF WRIT. In executing a writ of replevin a sheriff is not authorized to seize the property in the hands of a stranger claiming to be the owner, but not protected by the replevin bond, though plaintiff and the owner are directed by defendant to the place where the property may be found.

2. ————: PROCEDURE. Under section 186 of the code, providing that when property has not been taken under a writ of replevin the action may proceed as one for damages, a defendant may be held liable for the value of the property, if transferred by him in bad faith, though it was not in his possession or under his control when he was sued, nor taken under the writ.

3. **Appeal:** INSTRUCTIONS: PREJUDICIAL ERROR. The giving of an instruction which misstates the law on a material issue to the prejudice of plaintiff is a sufficient ground for the reversal of a judgment against him.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. Reversed.

Claude S. Wilson and Charles T. Dickinson, for appellant.

John S. Bishop and A. S. Tibbets, contra.

Rose, J.

The action is replevin and the property in controversy is a sewing-machine alleged to be of the value of $40. Plaintiff did not get the property under the writ, but to recover its value prosecuted the suit to final judgment. The trial resulted in a verdict for defendant, and from an order of dismissal plaintiff has appealed.

Several rulings in giving or refusing instructions and in admitting or excluding testimony are challenged by plaintiff as erroneous, but defendant argues they should all be disregarded for the reason it is conclusively shown by uncontradicted testimony properly admitted that defendant was not in possession of the sewing-machine when the action was instituted, and that consequently no right to recover existed in favor of plaintiff. There is proof tending to show: Several months before the suit was commenced defendant bought the sewing-machine from one who had purchased it from plaintiff. The original purchaser, according to her own testimony, paid the purchase price to an agent of plaintiff, but the name of the person to whom it was paid was not divulged. Defendant, before plaintiff brought suit or threatened to do so, told one of plaintiff's agents that he had given the sewing-machine to his sister, and that she sold it to Laura McCandless, to whom it had been delivered at 120 North Thirty-first street, Lincoln, Nebraska, where it could still be found. When the sheriff attempted to serve the writ of replevin, he was informed by defendant that the latter did not have the property, but was directed where to find it. Plaintiff did not get possession of the sewing-machine by means of the writ, and the sheriff stated in his return that it could not be found. From proofs of this nature defendant draws the conclusion that plaintiff knew where the sewing-machine was, that it could have been taken under the writ, and that plaintiff was not entitled to a verdict, since the property was not in possession of defendant when he was sued. The writ did not direct the

sheriff to seize the property in the hands of a stranger to the suit. Pursuant to a statutory requirement the affidavit for the writ contained this allegation: "The property is wrongfully detained by *defendant*." Code, sec. 182. In replevin the bond under which plaintiff obtains possession runs to the *defendant* alone. Code, sec. 186. The writ authorized the sheriff to take the property from defendant, but did not direct him to seize it in the hands of a stranger claiming in good faith to be the owner, but who is not protected by plaintiff's bond. *Sexton v. McDowd*, 38 Mich. 148; *Lehman v. Mayer*, 40 N. Y. Supp. 983; *King v. Orser*, 4 Duer (N. Y.) 431. If defendant was answerable in replevin for the wrongful detention of the property, he did not relieve himself from liability by directing the officer to the place where it could be found in possession of a third person. If the action was properly brought against defendant, plaintiff was not required to commence a new suit, give a new bond, and with another writ pursue a stranger. The latter might be insolvent and consequently unable to pay costs or damages. To sustain his position defendant relies on *Heidiman-Benoist Saddlery Co. v. Schott*, 59 Neb. 20, and *Burr v. McCallum*, 59 Neb. 326. The latter case follows the earlier one wherein the rule was stated as follows: "In replevin the plaintiff cannot recover damages for property which was not in defendant's possession or under his control at the beginning of the suit."

This is the common-law rule, and the court in applying it recognized the exception announced in *Depriest v. McKinstry*, 38 Neb. 194, to the effect that replevin is a proper remedy where defendant concealed, removed or disposed of the property for the purpose of avoiding the writ. The exception is about as well established as the rule itself. *Andrews v. Hoeslich*, 47 Wash. 220, 18 L. R. A. n. s. 1265, and cases collected in note. The statute gives a plaintiff in replevin the benefit of the exception. *Lininger & Metcalf Co. v. Mills*, 29 Neb. 297. Section 186 of the code requires the plaintiff, as a condition of obtaining pos-

session of the property under the writ, to give a bond for defendant's protection. Section 193, among other things, declares: "When the property claimed has not been taken, or has been returned to the defendant by the sheriff for want of the undertaking required by section 186, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper." "When the property claimed has not been taken," says the statute, "the action may proceed as one for damages only." In an action properly commenced this statute provides a remedy where the property has not been taken under the writ. Replevin is a common-law action. The provision quoted, therefore, was not enacted in derogation of the common law. The common law is supplemented or extended by the code, and the statute should be liberally construed. The tendency of recent decisions is to make replevin more flexible, and in this regard they reflect the spirit of modern legislation. A plaintiff beginning a suit to recover possession of a chattel alleged to be wrongfully detained by a defendant who disposed of it in bad faith before the action was instituted is not now required to resort to a different form of action for redress. In the language of the code, "the action may proceed as one for damages." *McBrian v. Morrison*, 55 Mich. 351; *Brockway v. Burnap*, 16 Barb. (N. Y.) 309; *Helman v. Withers*, 3 Ind. App. 532; *Andrews v. Hoeslich*, 47 Wash. 220, 18 L. R. A. n. s. 1265, and cases cited in note.

Is the present case within the exception? The record contains evidence tending to prove: The sewing-machine was manufactured and owned by plaintiff. It was shipped from Chicago to Lincoln, and within a short time disappeared from the storeroom of plaintiff's Lincoln agency. It was never sold, and plaintiff never parted with the title to it. It was stolen or lost. Defendant was a dealer in second-hand goods at 1450 O street, Lincoln, Nebraska. For a time the sewing-machine was stored in a barn occupied by one of his employees. Later the employee traded

38

it to defendant for a horse, giving $10 to boot. Defendant did not comply with the statutory provision requiring dealers in second-hand goods to report purchases to the chief of police, nor take the sewing-machine to his store, but left it at his sister's residence, where it remained several months. A few days before the bringing of the suit the sister sold the sewing-machine to Laura McCandless, and defendant delivered it to the purchaser, afterward receiving and cashing a check in part payment, and later giving his sister a rug instead of the money. After the sewing-machine was removed from the sister's house, and before it was delivered to Laura McCandless, it stood for probably four hours on the sidewalk in front of defendant's store. There it was seen by one of plaintiff's agents who drove up in a vehicle bearing the sign, "Singer Sewing-Machine Company," which was observed by an employee of defendant. Plaintiff's agent made inquiries at the time and took the number, which proved to be the same as that of the missing sewing-machine. What occurred was reported to defendant by his employee before the sewing-machine was taken away. Plaintiff made a demand on defendant for the property, but did not get it. An acrimonious controversy was promptly started, and this suit followed within a few days. If plaintiff's witnesses truthfully testified to the facts which tend to show that plaintiff originally owned the sewing-machine and never sold it or parted with the title, defendant of course never owned it and never legally transferred it to his sister. The circumstances narrated and other proofs not mentioned raise a question as to the *mala fides* of defendant in his dealings with the property. His liability to plaintiff for its value, therefore, in view of the principles of law stated, is a proper matter for litigation in this action, within the meaning of section 193 of the code, though the sewing-machine may not have been in his possession or under his control when plaintiff sued him. It follows that the judgment in his favor cannot be **affirmed** without examining the merits of plaintiff's appeal.

The giving of the following instruction is assigned as error: "If you find from the evidence that prior to September 13, 1904, the sewing-machine in controversy was in the possession and exclusive control of the defendant's sister, and that on said date the defendant was given the possession of said machine for the purpose, and only purpose, of transporting the machine to Mr. or Mrs. McCandless who had purchased said machine, and in the pursuance of such purpose on said date the defendant delivered the said machine to the said purchaser, then and in that case the defendant could not be said to have parted with the machine for the purpose of avoiding the writ sued out in this case, and the plaintiff could not recover whether it was the real owner or not. If, on the other hand, you should find that the machine at the time was in defendant's possession, and that he did not part with it in good faith for the purpose of delivering it into the possession of McCandless, who was entitled to the possession as between the defendant and McCandless, but, on the contrary, parted with his possession of the same in bad faith for the purpose of avoiding the writ sued out, or about to be sued out, then in such case, if you find the other facts in favor of the plaintiff necessary for its recovery as told you in these instructions, the plaintiff would be entitled to recover."

This instruction disregards any liability arising from the preliminary act of bad faith on part of defendant in concealing the stolen or lost machine at his sister's residence, or in presenting it to her, for the purpose of avoiding the writ, if such were the fact. The effect of the direction quoted, when considered with the entire charge, was to authorize a verdict in favor of defendant, if the jury found that his sister, at the time she sold the machine, had exclusive possession and control of it, and that in delivering it he acted alone for her. This was a misstatement of the law on a material issue, and it cannot be said to be harmless error.

Not finding it necessary to discuss other rulings of

which complaint is made, the judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.