## CLAFLIN and others *v.* FLETCHER and another.

*(Circuit Court, D. Indiana,* May 31, 1881.)

1. ACTION—REAL PARTY—JUDGMENT.

  Extrinsic evidence is admissible to prove that a real party in a suit was not a party to the record, but that he prosecuted or defended the suit in the name of a nominal party; and, when so shown, the real party is concluded by the judgment as effectually as if he had been a party to the record.

2. CASE STATED.

  X. by fraud induced the plaintiffs to sell him certain goods on time. Plaintiffs afterwards brought an action of replevin against A., B., and C., then in possession of the goods, and in that action judgment was rendered against the plaintiffs. Plaintiffs brought this suit against the defendants to recover the value of the goods. *Held,* that the judgment in the replevin suit was conclusive against the plaintiffs, it being shown that A., B., and C. were the agents of the defendants, who had appeared and defended the suit in their name.

Demurrer.

*Gordon, Lamb & Sheppard,* for plaintiffs.

*Rand & Taylor* and *Baker, Hord & Hendricks,* for defendants.

GRESHAM, D. J. This suit is brought by Claflin & Co. against Stoughton A. Fletcher and Francis Churchman, for the value of a lot of dry goods which one George Hazard, by fraudulently representing that he was solvent, when in fact he was insolvent, induced the plaintiffs to sell to him on time.

It is averred that Fletcher & Churchman bought the goods at sale on execution against Hazard, after being notified of the latter's fraud, and that the plaintiffs had cancelled the sale and demanded possession of the property.

The defendants answer that for some time before their purchase of the goods they had been in the custody of John W. Cottom, Robert S. Foster, and Ellis G. Shantlin, as the agents of the defendants; that prior to the marshal's sale the plaintiffs demanded possession of the goods of such agents, who, under instructions from the defendants, refused

to surrender the same; that the plaintiffs then commenced an action of replevin in the superior court of Marion county, Indiana, against the agents, Cottom, Foster, and Shantlin, for possession of the goods; that the defendants appeared, and in the name of their agents controverted the title of the plaintiffs to the goods; that the right of the plaintiffs to the goods was litigated, and a verdict and judgment were rendered for the defendants, and that this judgment is in full force and unreversed.

After admitting in their reply that they prosecuted their action in replevin to judgment, the plaintiffs aver that the defendants in this suit were not parties to the suit in the state court; that the suit in the latter court was not tried on its merits; that the right of the plaintiffs to the goods was not determined by that action; and that the plaintiffs failed in the state court because they had not, prior to the beginning of their suit, surrendered or offered to surrender to George Hazard the note that he had given for the goods; for which reason the court instructed the jury to return a verdict for the defendants.

The judgment of the state court is conclusive between the same parties and their privies. The defendants in the first suit were the agents of the defendants in this suit. Through these agents the present defendants resisted Claflin & Co.'s claim of ownership in the state court. Extrinsic evidence is admissible to prove that a real party in a suit was not a party to the record, but that he prosecuted or defended the suit in the name of a nominal party; and whenever this is made to appear, the real party is concluded by the judgment as effectually as if he had been a party to the record. It makes no difference that the first suit was for possession of the goods while the present one is for their value. The ownership of the goods was the controversy in the state court, and we have the same controversy in this court. The same proof that would entitle the plaintiffs to recover here, ought to have entitled them to a verdict and judgment in the state court. It may be that the judgment of the state court was erroneous,

but it cannot be reviewed in this collateral way. The merits were involved in the first suit, and the judgment in it is as conclusive as if it had been on the merits. The issue in that suit was broad enough to entitle the parties to introduce evidence on the merits; and if the court misapplied the law to the facts before it, the judgment is nevertheless conclusive, and it must stand until corrected in some appropriate manner.

Demurrer sustained.