Argued 22 January; decided 5 March, 1900.

## HUFFMAN v. KNIGHT.

[ 60 Pac. 207.]

1. REPLEVIN AND TROVER—RES JUDICATA.—Dismissal of an action of replevin because replevin will not lie for an undivided interest is not a bar to an action for trover, as title to or right to possession of the property was not, and could not have been, tried in the first action.

2. SPLITTING CAUSE OF ACTION BETWEEN REPLEVIN AND TROVER.—The doctrine of splitting of cause of action does not prevent one whose property is taken by a single trespass from maintaining replevin for so much of the property as is owned absolutely by him, and trover for the remainder, owned by him in common with another.

3. PAROL AND SECONDARY EVIDENCE.—Oral evidence is not competent to show the contents of an instrument without accounting for its absence.

From Marion : GEORGE H. BURNETT, Judge.

Action by W. J. and F. H. Huffman against John Knight for converting certain personal property belonging to plaintiffs. Judgment for plaintiffs, from which defendant appeals.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. Peter H. D'Arcy* and *Samuel T. Richardson.*

For respondent there was a brief and an oral argument by *Messrs. John A. Carson* and *William M. Kaiser.*

MR. JUSTICE BEAN delivered the opinion of the court.

On August 7, 1895, the defendant, as Sheriff of Marion County, attached a quantity of wheat and oats, two flocks of sheep, and other chattels, under a writ of attachment issued in an action brought by Benton P. Taylor against L. B. Huffman.   Shortly thereafter the present plaintiffs

commenced an action to recover possession thereof. In their complaint they alleged that they were the owners and entitled to the immediate possession, as tenants in common, of an undivided two-thirds interest in the wheat and oats, an undivided one-half interest in the two flocks of sheep, and the whole of the other property. The jury found that they were the owners and entitled to the immediate possession of all the property except the undivided property, and that the defendant was entitled to the possession of it. A judgment was thereupon rendered in favor of the plaintiffs for the posssesion of all the property except the undivided part, and that as to it "the action be, and the same is hereby, dismissed." Thereafter the defendant sold the undivided property under an execution issued on the judgment recovered in the action of Taylor against Huffman, whereupon the plaintiffs brought the present action in trover to recover the value of their interest in such property ; and, the defendant having pleaded the former action of replevin in bar, the court ruled that it was no defense, and refused to admit the judgment roll in evidence. The plaintiffs recovered judgment and the defendant appeals, assigning as error the refusal of the trial court to hold that the former action of replevin is a bar to this proceeding, its exclusion of certain testimony, and in giving certain instructions to the jury.

1. It is familiar law that a judgment on the merits in an action of replevin is a bar to another replevin action, or one of trover for the same trespass (Shinn, Repl. §§ 61, 713 ; *McGuire* v. *Galligan*, 57 Mich. 38, 23 N. W. 479 ; Cobbey, Repl. 1166), whether the first action was for the recovery of all, or only a part of, the property taken (*Folsom* v. *Clemence*, 119 Mass. 473 ; *Moran* v. *Plankinton*, 64 Mo. 337 ; *Funk* v. *Funk*, 35 Mo. App. 246). This doctrine proceeds upon the theory that all acts done by one tres-

pass constitute but one cause of action, and that a party cannot divide up an entire demand, and bring several actions thereon : 1 Van Fleet, Former Adj. §§ 261, 387 ; *Farrington* v. *Payne,* 15 Johns. 431 ; *Hite* v. *Long,* 6 Rand. (Va.) 457 (18 Am. Dec. 719); *Bennett* v. *Hood,* 1 Allen 47 (79 Am. Dec. 705); *Baird* v. *United States,* 96 U. S. 430, 24 L. Ed. 703 ; *Claflin* v. *Fletcher,* 10 Biss. 281, 7 Fed. 851 ; *Hatch* v. *Coddington,* 32 Minn. 92 (19 N. W. 393). But, manifestly, it cannot apply to a case where the issue in the second action was or could not have been determined in the first. A failure of a party to recover because he has mistaken his remedy, does not preclude him from asserting his rights in a proper proceeding. Thus, the failure of a mortgagee of chattels to recover them by replevin from an officer by whom they were seized under execution, because the law provided a different remedy, is no bar to a proper proceeding for their recovery: *Conn* v. *Bernheimer,* 67 Miss. 498 (7 South. 345). Nor is a judgment for defendant in replevin, because of the statute of limitations, a bar to an action in trover not affected by that statute : *Johnson* v. *White,* 21 Miss. 584. And, again, where a sheriff recovers the value of goods taken from him in an action of replevin, because it was not the proper remedy, the owner may recover their value in an action in trover : *Kittredge* v. *Holt,* 58 N. H. 191. So, if one replevy a chattel, and is defeated because the defendant is only a tenant in common, that does not affect his title : *Gaar* v. *Hurd,* 92 Ill. 315. And, again, a judgment against a plaintiff in an action of replevin, rendered solely because of his having failed to make and prove a lawful demand for the surrender of the goods, is no bar to a subsequent action of replevin by him for such goods : *Roberts* v. *Norris,* 67 Ind. 386. Now, it is evident that the plaintiffs failed in their replevin action, so far as the undivided property is concerned, because replevin will not lie for an

undivided interest. It will be observed that no judgment was rendered affecting the title to such property, but as to it the action was dismissed, which was equivalent to a mere judgment of nonsuit. It is a general rule that replevin will not lie for an undivided interest in property (*Phipps* v. *Taylor*, 15 Or. 484, 16 Pac. 171; Shinn, Repl. § 206; Cobbey, Repl. § 238; 20 Am. & Eng. Enc. Law (1 ed.), 1050; *Hart* v. *Fitzgerald*, 2 Mass. 509, 3 Am. Dec. 75), whatever the rule may be in case of the confusion or commingling of property belonging to one person with that of another, of the same grade and quality. The complaint in the replevin action alleged that the plaintiffs were the owners of an undivided interest in the property sought to be recovered, and, under the law, one tenant in common of a chattel cannot maintain replevin for it without joining his co-tenants. It is apparent, therefore, that the judgment in the former action is no bar to the present one, because the title of plaintiffs to the property now in controversy, or their right to the possession thereof, was not in issue, and could not have been tried, in that action.

2. The remaining question on this branch of the case is, therefore, whether a party whose property is taken by a single trespass may maintain replevin, so far as it is the proper and appropriate remedy, and recover the possession of so much of the property as can be included in such an action, and trover for the remainder. The doctrine which prohibits a person from splitting a single cause of action into several, and suing his adversary in piecemeal, is grounded on public policy, and the maxim which declares that no person shall be twice vexed for one and the same cause. It is, however, by no means an inflexible rule. " If," says Mr. Van Fleet, "a person, by excusable accident, mistake, or neglect, or by the fraud of his adversary unmixed with his own fault, splits a single

cause of action into two parts, an adjudication in respect
to one will not bar a suit upon the other :'' 1 Van Fleet,
Former Adj. p. 206.   It differs from the doctrine of *res
adjudicata* in that it is based exclusively on grounds of
public policy, and .is not aided by the presumptive cor-
rectness of a former judgment, and ought not to be per-
mitted to favor a wrongdoer as against the injured party.
It would be protecting a trespasser, to the injury of the
owner, to hold that a person whose property is wrongfully
taken by a single trespass cannot maintain an action in
replevin, so far as it is the proper and appropriate remedy,
for so much of the property as can be included in the ac-
tion, and trover for the remainder.   Otherwise, he would
be compelled to waive his right to the possession of the
specific property wrongfully and unlawfully taken from
him, and which might possess some peculiar and unusual
value, and resort to the action of trover, because replevin
would not lie for a portion of the property taken at the
same time, or to forego a part of his right, and be satisfied
with a partial reparation for the wrong.   Such a doctrine
does not commend itself to our judgment, nor do we be-
lieve it to be supported by either reason or authority.   If
a trespass be committed by the wrongful taking of prop-
erty, some of which is owned absolutely by the plaintiff,
and the remainder is owned by him as a tenant in common
with another, we know of no rule requiring him to elect
whether he shall sue in replevin for the property which
he owns absolutely, and forego his right to the property
which he owns in common, and for which he cannot main-
tain an action of replevin, or waive his right to recover
the possession of any property, and sue in trover for dam-
ages for the conversion of all.   We are of the opinion,
therefore, that the replevin action is no bar to this, and
that the court did not err in its ruling in regard thereto.

3.   There was no error in striking out the testimony of

the witnesses Van Nuys and Robertson. Van Nuys undertook to testify as to the contents of an instrument not produced in court, nor its loss accounted for; and Robertson, to certain statements of L. B. Huffman made not in the presence of the plaintiffs or either of them. Nor do we find error in giving the instructions complained of, or in refusing those requested. The instructions, when taken as a whole, correctly and fairly state the law on the question of fraudulent sales.

It is claimed that the court erred in sustaining the objection of the plaintiff to a question propounded to the witness W. J. Huffman on cross-examination, as to whether he was present at a settlement that was being entered into between his father, L. B. Huffman, and Taylor, the plaintiff, in the action in which the writ of attachment was issued. This conversation occurred, if at all, long before the plaintiffs claimed to have purchased the property in controversy, and was therefore immaterial and irrelevant. It follows that the judgment of the court below must be affirmed, and it is so ordered.      AFFIRMED.