## BENJAMIN SCHWARZ & SONS v. KENNEDY.

### (Circuit Court, D. Oregon. January 22, 1906.)

### No. 2,978.

1. JUDGMENT—MATTERS CONCLUDED—ADMISSIBILITY OF EXTRINSIC EVIDENCE.

As to matters apparently within the issues in an action, parol evidence is inadmissible against the conclusiveness of the judgment to show that certain of those matters were withdrawn or not considered, but, on the other hand, if the record is such that on its face the judgment may have proceeded upon one of several grounds, it is admissible to show aliunde upon which of such grounds it did proceed, so as to make it effectual as an estoppel.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1824, 1824½.]

2. TROVER AND CONVERSION—DAMAGES—ACTION BY PART OWNER.

In an action for conversion, where plaintiff proves the conversion, but ownership of an undivided part interest only in the property converted, he is entitled to recover the value of his interest.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 248.]

3. SAME—RES JUDICATA—PRIOR JUDGMENT IN REPLEVIN.

A judgment in favor of the defendants for costs in an action of replevin against two defendants, in which one of the defenses pleaded was that plaintiff was the owner of an undivided interest only in the property, based on a general verdict in their favor, is not a bar to a subsequent action by the plaintiff against one of the same defendants for conversion of the same property based on the same alleged trespass, since, upon the record, the jury may have based their verdict on such defense, and, while that might defeat the action of replevin, the finding would not prevent a recovery in the second action for the value of plaintiff's interest in the property if the conversion were proved.

At Law. On demurrer to reply and motion for judgment on the pleadings.

This is an action in trover for the alleged conversion by the defendant of 86 bales of hops. The complaint contains the usual allegations by plaintiffs of ownership and right to the possession of the hops on December 4, 1903, and the wrongful conversion on that date of the same by defendant. The defendant controverts these allegations, and by a first further and separate answer asserts ownership and right to possession in himself. By a second further and separate answer he sets up that on December 4, 1903, the plaintiffs commenced an action, in the Circuit Court of the state of Oregon for Marion county, against defendant under the name of Perry L. Kennedy, and one Lee Gon, to recover the possession of the identical hops described in the complaint herein, to which the defendants therein answered and plaintiffs replied; that after trial upon the issues thus formulated a judgment was given and rendered in favor of such defendants; that said judgment was affirmed upon appeal to the Supreme Court of the state of Oregon, and, upon mandate duly issued from that court, again entered in said circuit court, all of which proceedings and judgments are pleaded in bar of plaintiffs' right of action here. The plaintiffs by their reply put in issue the allegations of the first further and separate answer, and deny those of the second, except as thereinafter alleged. By a further and separate reply they allege, in substance, that on the 2d day of December, 1903, the plaintiffs purchased the hops from a Chinaman known as Lee Gon; that thereafter said hops were taken from the possession of plaintiffs by the defendant herein, aided and assisted by the said Lee Gon and another Chinaman by the name of Ah Chop, and that plaintiffs thereupon brought against the said John Kennedy and Lee Gon the action of replevin, wherein judgment was rendered in favor of defendants, which proceeding is set up by the defendant herein as an

adjudication of title to said hops; that thereafter the defendant herein and the said Lee Gon filed an answer to said replevin action, whereby they alleged that on December 3, 1903, the defendant Lee Gon and one Ah Chop were the owners and in possession of the hops described in said action, the plaintiffs being then first informed that Ah Chop claimed to own or have any interest therein; that thereafter said cause came on regularly for trial before a jury, upon the issue, among others, made as to the ownership of Ah Chop of an undivided portion of said hops, and that at such trial the defendants gave testimony tending to show that Ah Chop was, at the time the sale was made by Lee Gon to plaintiffs, the owner in common, with Lee Gon, of an undivided portion thereof, consisting of seven or eight bales; that, when said cause was submitted to the jury, the court instructed them that, if they found from the testimony that Ah Chop owned any part of said hops as a tenant in common with Lee Gon, the plaintiffs in said action could not recover an undivided portion thereof, even if they were the owners of such portion, and their verdict should be for the defendants; that said cause being submitted to the jury, they returned a verdict for defendants, and judgment was entered in pursuance thereof; that thereafter the cause was appealed to the Supreme Court, whereby said judgment was affirmed. To this reply there was first filed a motion to strike out, and then a demurrer, and subsequently a motion for judgment on the pleadings.

John A. Carson and A. M. Cannon, for plaintiffs.
Grant Corby and Geo. G. Bingham, for defendant.

WOLVERTON, District Judge (after stating the facts). A demurrer having been filed, the motion to strike out must be deemed to have been waived, and I shall consider the demurrer and motion for judgment on the pleadings together as a means of testing the sufficiency of the reply. The reply is designed as a plea in avoidance of the estoppel claimed by reason of the judgment alluded to as having been given and rendered in the replevin action. The question for determination is, therefore, whether such reply contains a defense to the new matter set up in the answer by way of estoppel. The verdict of the jury in the replevin action was a simple finding "for the defendants," and the judgment was that the defendants recover of and from the plaintiffs the costs and disbursements of the action, taxed and allowed at $67.20. The answer of defendants in such replevin action set up that on the said 3d day of December, 1903, the defendant Lee Gon and one Ah Chop, being then the owners and possessed of the hops, sold and delivered the same to the said John Kennedy, and that Kennedy thereby became and was the owner thereof, and entitled to their possession, that the hops were taken from Kennedy under a writ of replevin issued in the cause, but that prior to the trial Kennedy retook them under a redelivery bond, and was then in possession by virtue thereof.

Now, it is contended by defendant's counsel herein that, Kennedy being in possession at the time of the trial and return of the verdict, such verdict was necessarily a finding that the defendants in said action were the owners and entitled to the possession of the property involved, under the authority of Prescott v. Heilner, 13 Or. 200, 9 Pac. 403. It seems to me, however, that counsel has mistaken the doctrine of that case. The property was there in the possession of the plaintiff, having been taken by him under the writ of replevin,

and the jury returned a verdict that he was entitled to the possession. The court held that such a verdict for the plaintiff, under the issues tendered by the complaint, among which was that plaintiff was the owner, was necessarily a finding to that effect. The conditions were very different from those here presented. Here the plaintiffs' allegations were that they were the owners and entitled to possession. The defendants denied these allegations, and alleged by separate answer ownership and right of possession in Kennedy alone, one of the defendants. A finding for the defendants generally, without a finding that either of the parties litigant was entitled to the property, may well have proceeded under the complaint and the simple denials thereof, and the very natural and proper inference would be that plaintiffs had failed to prove property and right of possession, and therefore were not entitled to prevail. The verdict comes far short of a finding under defendants' separate answer that John Kennedy was the owner and entitled to possession. I take it, without further discussion, that the verdict settled nothing as to the property, except that the plaintiffs were not the owners and holders, and entitled to possession, as they alleged. Indeed, the judgment proceeded on this specific idea, as it is for costs only. Otherwise, if counsel's contention be sound and logical, it should have been that John Kennedy was the owner and holder, and entitled to the possession. The judgment of the court having jurisdiction upon a question directly involved in one suit or action is conclusive as to that question in another suit or action between the same parties and their privies; but that the decree or judgment may have this operation and effect it must either appear upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit or action. "If there be any uncertainty on this head in the record," says Mr. Justice Field in Russell v. Place, 94 U. S. 606–608, 24 L. Ed. 214, "as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated and upon which the judgment was rendered, the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible." And in reiteration and elucidation, this eminent jurist further says, at the conclusion of his opinion:

"If upon the face of a record anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence."

In an earlier case (Packet Company v. Sickles, 5 Wall. 580–592, 18 L. Ed. 550) the doctrine is stated as follows:

"It must appear, by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined—that is, if the record of the former trial shows that the verdict could not have

been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties—and, further, in cases where the record itself does not show that the matter was necessarily and directly found by the jury, evidence aliunde consistent with the record may be received to prove the fact; but, even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded."

This doctrine is again reaffirmed in a much later case in the same court, that of De Sollar v. Hanscome, 158 U. S. 216, 15 Sup. Ct. 816, 39 L. Ed. 956. Indeed, the rule seems to be well settled elsewhere as well as in that court.. See Aiken et al. v. Peck, 22 Vt. 255; Burlen v. Shannon, 99 Mass. 200, 96 Am. Dec. 733. Nor is the case of Barrett v. Failing, 8 Or. 152, cited by counsel, in conflict with these authorities. There it was sought to show aliunde the record that a certain matter clearly within the issues under the pleadings, as appeared from the record, was withdrawn from the consideration of the court, and the rule was invoked against the attempt, that the judgment of a court of competent jurisdiction is not only conclusive on all questions actually and formally litigated, but as to all questions within the issues, whether formally litigated or not. The distinction is that, as to matters apparently within the issues, parol evidence is inadmissible against the conclusiveness of the judgment to show that certain of those matters were withdrawn or not considered; while, on the other hand, if the record is such that on its face the judgment may have proceeded upon one of several grounds, it is admissible to show aliunde upon which of such grounds the consideration and judgment or decree of the court did really proceed, so as to make such judgment or decree effective as an estoppel.

Now, to come again to the present controversy, it is perfectly apparent that the jury may have found, under the instructions of the Circuit Court as affirmed by the Supreme Court, either generally that the plaintiffs were not the owners nor entitled to the possession of the 86 bales of hops described in the complaint in the replevin action, or specifically that they were the owners of an undivided interest only, Ah Chop being the owner of the remaining undivided interest; and the general verdict, while proper, gives no indication upon which premise the jury proceeded. If they proceeded upon the former, the judgment might be conclusive as an estoppel here, if this were also a replevin action; but, if upon the latter, there could be no estoppel unless by a process of deduction, namely, that having found that plaintiffs were the owners of an undivided interest only, it was tantamount to a finding that they were not the owners of the entire interest in the full number of 86 bales of hops, and therefore that they were not the owners of the hops sued for, and that in either event plaintiffs were not the owners and entitled to possession as alleged. As just indicated, the deduction would probably not be without relevancy and force were this also a replevin action, or were the present action of the character wherein the judgment in the replevin

action would ordinarily work an estoppel. While in general it is the rule that replevin will not lie for an undivided part or parcel of personal property (Schwarz et al. v. Lee Gon [Or.] 80 Pac. 110), and so of trover for the conversion by one co-tenant of the common goods of all (28 Am. & Eng. Ency. of Law [2d Ed.] 669), yet, where one tenant sells or disposes of the entire property in such common goods, and thereby ignores and denies the right of his co-tenant therein, the act is tantamount to a conversion, for which trover will lie. German National Bank v. Meadowcroft, 95 Ill. 124, 35 Am. Rep. 137. This appears to be the general American rule (28 Am. & Eng. Ency. of Law [2d Ed.] 714), and was adopted by the Supreme Court for the territory of Oregon. Yamhill Bridge Co. v. Newby, 1 Or. 174. The court in the latter case, speaking through Mr. Chief Justice Williams, says: "When one tenant in common sells or destroys the common goods, it is well settled that he may be sued by a co-tenant for such co-tenant's share."

Now, conceding that Lee Gon and Ah Chop were originally owners of the hops in common, and that the plaintiffs acquired by their purchase Lee Gon's interest only, it might be that in the devolution of the property in the hops there has been a conversion by the co-tenant. If such be the case, there can be no estoppel. If a party fails in proof of his entire demand, he may recover for such part as he has established. To illustrate: If, having sued for 86 bales of hops, the plaintiff shows that he is the owner and entitled to the possession of 80 bales only, he would be entitled to recover that number, and the fact that he sued for more would not defeat his action. So, if he sues in trover for the 86 bales in their entirety, and proves that there has been a conversion of an undivided interest only, upon precisely the same principle he would be entitled to recover such damages as he had established, and the fact that he had an undivided interest only in the hops would not defeat his action. It is a rule that a judgment on the merits in a replevin action is a bar to one of trover for the same trespass, and this whether the first action was for recovery for all or only a part of the property taken. Huffman v. Knight, 36 Or. 581, 60 Pac. 207, and cases cited. See, also, Claflin v. Fletcher (C. C.) 7 Fed. 851. But it cannot be that, where the plaintiffs have failed in the replevin action by reason of having an undivided interest only, they are estopped to bring an action of trover where the fact of a conversion of an undivided interest may become material and the evidence to sustain it competent, and really all that may have been decided by the former action is that plaintiffs were the owners of an undivided interest only in the hops, not that they were not the owners of any interest therein. But, as we have seen, for the judgment to operate as an estoppel, it must appear that the precise question was raised and necessarily determined in the former suit. If there be any uncertainty or room for cavil as to this, the whole subject-matter of the action will be set at large and open for new contention. Now, while by a course of deduction it may be said that the verdict of the jury necessarily involved the finding that plaintiff was not the owner of the entire

interest in the hops in the replevin action, yet, by reason of the different character of the two actions, replevin and trover, the court cannot say, nor is it a legal deduction, that the precise question that was raised and determined there is now presented here for a new contention.

I hold, therefore, that the prior judgment, as it presently appears from the record, is not a bar to this action, and that both the demurrer and the motion for judgment on the pleadings should be overruled, and such will be the order of the court.