UNITED STATES HOFFMAN MACHINERY CORP. *v.* TALKOW.

1. PAYMENT—APPLICATION OF CREDITS.
    In the absence of an express agreement or direction to the contrary, a credit for goods returned should first apply on the unpaid balance of a first purchase and any balance of the credit upon later purchases.

2. SALES—APPLICATION OF CREDITS—TRANSFER OF TITLE.
    Where credit for cleaning equipment returned was greater than balance due under contract for purchase of returned and other equipment, title to retained equipment passed to purchaser.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—REPLEVIN—TITLE.
    In action of replevin to secure return of certain cleaning equipment where trial court held with defendant as to the title of

certain instruments purchased under first of two contracts, title thereto would not be in issue upon defendant's appeal from judgment for plaintiff.

4. SALES—CONDITIONAL SALES CONTRACT—ACCOUNTING.

That a seller may have a series of conditional sales contracts with one purchaser and carry sums due thereunder on his books as open accounts does not so change the contracts as to give them an altered character where each contract is specific as to its nature.

5. REPLEVIN—DEMAND—QUESTION OF FACT.

Record on appeal in nonjury action of replevin sustained finding of fact by trial judge that demand for possession was made prior to obtaining the writ.

6. SAME—DEMAND—EVIDENCE.

Whether or not demand for possession was made prior to obtaining a writ of replevin is a question for the trier of the facts where evidence respecting such matter is in conflict.

7. SAME—VALUE—UNPAID BALANCE DUE ON CONTRACT OF PURCHASE.

The unpaid balance due on equipment sold replevin defendant is the measure of value where it is less than the actual value of the goods replevied.

8. SAME—BONDS—JUDGMENT AS TO VALUE—ASSUMPSIT.

Judgment in replevin action determining value of equipment at the time of conversion to be the unpaid balance due for purchase thereof, a sum less than the actual value, was properly made where defendant had given a bond for the continued possession of the equipment, so that the measure of the bondsman's liability could be fixed, but such determination did not turn action of replevin into one of assumpsit (3 Comp. Laws 1929, § 14840).

9. SAME—JUDGMENT—RETURN OF GOODS.

Where it is agreed that one item named in writ of replevin had been returned to plaintiff and is no longer involved in the case, the money judgment rendered is reduced by the amount of the value of such article.

Appeal from Genesee; Elliott (Philip), J. Submitted January 13, 1944. (Docket No. 96, Calendar No. 42,620.) Decided April 3, 1944.

Replevin by United States Hoffman Machinery Corporation against Harry Talkow, doing business

as Flint Cleaners & Dyers, and others to obtain possession of cleaning equipment. Judgment for plaintiff. Defendant appeals. Affirmed and remanded for revision of judgment.

*Berger, Manason & Kayes,* for plaintiff.

*Frank L. Talkow (Cook & Stipes,* of counsel), for defendant.

NORTH, C. J. In this replevin suit, on trial by the court without a jury, plaintiff had judgment. Defendant has appealed. It appears that defendant Harry Talkow, doing business as Flint Cleaners & Dyers, has for some years been engaged in the dry cleaning business. Plaintiff is a manufacturer of special equipment used by cleaners and dyers. The writ of replevin specified seven pieces of equipment purchased under two separate contracts which will be discussed later. The usual replevin procedure was followed; and in order that physical possession of the equipment should not be taken by the sheriff, the defendant gave a bond for continued possession.

In 1935, defendant purchased a tumbler #93411 from the plaintiff. On December 31, 1936, defendant purchased a pressing machine #71262 for $525 and a hat machine, #HRO10 for $325. As there was still due on tumbler #93411 $500, this amount was added to the contract, making a total of $1,350. Against this total there was given a credit for trade-in of old machinery in the amount of $1,150, leaving a final total to be paid on the contract of $200. Sometime after the contract was entered into, the pressing machine #71262 was returned to the plaintiff and a credit of $450 was given to the defendant. Even though a later contract (April 15, 1937) for purchase of other equipment was entered into be-

tween the parties, it is obvious that, since there was no express agreement or direction to the contrary, this credit should first apply on the original contract of which this pressing machine was a part, and any balance be applied on the later purchases. The trial judge was correct in holding that all payments on the above contract of December, 1936, had been made and title to equipment named therein had passed to the defendant.

On April 15, 1937, the defendant purchased three additional tumblers, being numbers 83611, 43723 and 43724. This contract also included provisions for the return of a fan valued at $200 for credit. Although there was a difference of opinion as to the status of this fan, and its return to plaintiff or payment of the value thereof was ordered by the circuit court, the plaintiff's brief and the defendant's brief shows that since appeal the fan has been returned to the plaintiff. Hence any questions concerning the fan are now moot.

The cost of the three tumblers last above mentioned was $1,200; $200 was paid by the defendant as a down payment leaving a balance due of $1,000. The record discloses that tumbler #43723 was returned to the plaintiff; that later tumbler #33715 was substituted and that all payments have been made thereon; hence title has passed to the defendant and this machine is not now involved in this replevin action. Tumbler #43724 was prematurely shipped to the defendant; was returned to plaintiff and later tumbler #4375 was shipped as a substitute therefor. Defendant accepted the substitution. It therefore appears that of the chattels purchased and not paid for in full, only the tumblers numbered 83611 and 4375 are now in the defendant's possession. The circuit court found the value of these two tumblers and the fan to be $1,010, apparently basing

the value on the unpaid balance plus interest, after deducting the $250 credit resulting from the settlement of the first contract.

On appeal, defendant claims that the two contracts above mentioned, and upon which the replevin action was founded, were neither conditional sales contracts nor chattel mortgages, but were orders of purchase under an open account. The first contract is not now in issue as the circuit court held with the defendant on that instrument. The only question on this phase of the appeal is as to whether or not the second contract (April 15, 1937) is such an instrument as justified this action in replevin. We believe that it is. The very instrument itself is descriptive of its nature. It is called on its face—"Order and Conditional Sales Contract." The pertinent provision of the contract reads:

"1.   Until the payment in cash of all the purchase price, including interest and any other sums due under this contract, the title shall remain with the seller."

The fact that a seller may have a series of conditional sales contracts with one purchaser, and may in fact carry the sums due under such contracts on his books as open accounts, does not so change the contracts, each being specific as to its nature, as to give them an altered character.

Defendant claims that the replevin action is defective in that no legal demand for possession was made prior to obtaining the writ. While it is true that apparently no written demand was made, yet the plaintiff's attorney testified that he personally made a demand. The defendant partially denied such a demand having been made. The question became one of fact, determinable by the circuit judge hearing the case without a jury. The circuit judge

found demand was made, otherwise he could not have rendered judgment for plaintiff. The record supports plaintiff's contention that demand before suit was made.

It is also the claim of the defendant that the circuit court did not distinguish between replevin and assumpsit and treated this as an assumpsit action. It was proper that the court should find the value of the replevined articles. While the record shows little evidence of the true value of the articles, yet it is very apparent that the unpaid balance due on the equipment was less than its actual value. In such case, the unpaid balance is the measure of the value. And it is to be further noted that defendant had given a bond for the continued possession of the equipment. It was proper that the judgment determine the value at the time of the conversion, so that the measure of the bondsman's liability be fixed. See *J. L. Hudson Co.* v. *Barnett*, 255 Mich. 465. Such determination did not turn this into an assumpsit action. See 3 Comp. Laws 1929, § 14840 (Stat. Ann. § 27.1838).

Inasmuch as the plaintiff and defendant are agreed that the fan above mentioned of the value of $200 has been returned to the plaintiff and is no longer involved in this case, this item should be stricken from the replevin judgment and the money judgment of the circuit court should be reduced in the amount of $200.

The judgment entered in the circuit court was proper and is affirmed, but the case is remanded to the circuit court so that a revised judgment may be entered in accordance with this opinion. Costs to plaintiff.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.