GREGORY, MAYER & THOM COMPANY *v.* L. M. ROZNER
MANUFACTURING COMPANY.

SALES — TITLE-RETENTION CONTRACT — CHATTEL MORTGAGES — EVI-
DENCE—OFFICE FURNITURE.

> Where written evidence of sales in replevin proceeding to
> recover office furniture consisted of (1) furniture order
> blanks listing articles ordered, prices, and name of person
> ordering same and indicated an out-and-out sale; (2) type-
> written sale order for seller's filing system in no manner in-
> dicating a title-retention contract; (3) a delivery slip in-
> dicating condition in which buyer received the goods and
> name of person who signed for delivery, designated as "cus-
> tomer's receipt" and on which is printed in small but legible
> type "we retain title until payment is completed" and (4) an
> invoice sent after delivery which itemizes goods sold, amount
> due and when payable without indicating the existence of a
> title-retaining contract had been entered into; and there
> is no testimony indicating that a copy of the delivery slip
> was given to the buyer or that any person, as agent for the
> buyer, was authorized to enter into a title-retention con-
> tract for it, seller failed to sustain burden of showing that
> a title-retention contract had been entered into entitling
> it to replevin as against a mortgagee under subsequently-
> executed chattel mortgage.

Appeal from Wayne; O'Hara (Chester P.), J.
Submitted January 7, 1949. (Docket No. 33, Calen-
dar No. 44,280.) Decided February 28, 1949.

Replevin by Gregory, Mayer & Thom Company, a
Michigan corporation, against L. R. Rozner Manu-
facturing Company, a Michigan corporation, and

REFERENCES FOR POINTS IN HEADNOTES
46 Am. Jur., Replevin, § 114.

others to recover possession of personal property. Judgment for defendant National Acceptance Company of Chicago, a corporation. Plaintiff appeals. Affirmed.

*Berger, Manason & Kayes,* for plaintiff.

*Levin, Levin, Garvett & Dill* (*Earlmont H. Dill* and *Harry M. Nayer,* of counsel), for defendant National Acceptance Company.

BUTZEL, J.   During October and November, 1946, Gregory, Mayer & Thom Company, a Michigan corporation, plaintiff, sold to defendant L. M. Rozner Manufacturing Company, a Michigan corporation, certain merchandise, consisting principally of office furniture.   There were 13 different sales during the short period.   Subsequent to the delivery of this merchandise, the L. M. Rozner Manufacturing Company gave a chattel mortgage on all of its personal property, including such as it might thereafter acquire, to the National Acceptance Company of Chicago, also a defendant, and herein referred to as National.   The chattel mortgage was duly recorded. The L. M. Rozner Manufacturing Company shortly thereafter went into bankruptcy and sold its assets to Leonard M. Rozner, also a defendant.   Thereupon National took possession of all of the personal property under its chattel mortgage, whereupon plaintiff brought replevin proceedings in the common pleas court for the city of Detroit and possessed itself of $580.42 of the merchandise it had previously sold and delivered to the L. M. Rozner Manufacturing Company as hereinbefore stated.

Plaintiff claims that the merchandise was sold under a title-retention contract.   It is conceded that plaintiff never received payment for the particular merchandise in question, and that at the time of the

seizure the property was subject to the chattel mortgage to National unless there was a valid title-retention contract between plaintiff and the L. M. Rozner Manufacturing Company. On appeal to the circuit court for the county of Wayne, the court held there was no such contract proven and National, having waived return of the goods, was awarded a judgment of $580.42, and costs against plaintiff, the appellant herein.

There was no testimony taken in the circuit court, plaintiff relying on a stipulation of the facts and exhibits offered in evidence to establish the title-retention contract. These exhibits include office documents of plaintiff and a stenographic transcript of statements and concessions as to facts made by the respective counsel when the case was tried in the common pleas court for the city of Detroit. The written exhibits consist of 4 forms duly filled in at various times for 4 respective sales of merchandise that was replevied. For each sale there first appears a form entitled "Furniture Order Blank" showing the articles ordered and the prices, evidently written in by the salesman of plaintiff. They show that the goods were ordered by a Miss Foote, except in one case when the purchase was made by Leonard M. Rozner. They indicate a straight purchase, an out-and-out sale. There is no indication whatsoever that the goods were sold under a title-retention contract. For each sale there also appears a typewritten sale order made out for plaintiff's filing system. It is similar to the furniture order blank and in no manner indicates a title-retention contract. For each sale there further appears a third document which in the main follows the wording of the sales order but its evident purpose was to show the delivery of the goods. At the right-hand corner there is a printed underwriting stating "received in good order", and underneath there are two lines with blank spaces

for signatures of the firm name and of the person who signed for the firm. These forms relating to two transactions are signed by L. M. Rozner Manufacturing Company by J. Frankl, another signed by Miss Foote, and another signed by J. Frankl without the name of the company unless the words "L. M. Rozner" under his name are so intended. On the left-hand side of the bottom of the form there are printed in heavy letters "Customer's Receipt," but in small but still legible letters "We retain title until payment is completed," and thereunder plaintiff's name is printed in larger type. There is absolutely no showing that a copy of these customer's receipts were delivered to the L. M. Rozner Manufacturing Company. A fourth form for each sale consists of an invoice that was sent after delivery of the goods. It gives an itemized statement of the goods sold, and states that the amount is due and payable the 10th of the month following the date of purchase. Again there is no indication of the existence of a title-retention contract on this invoice. This is quite persuasive but not conclusive that one did not exist. The ledger page from plaintiff's books and other exhibits again give no indication of any title-retention contract as to any of the sales. The 13 different charges as well as two payments appear on the ledger page with a stamped annotation made later and stating "account closed to further credit." This is also quite persuasive that there was no title-retention contract, though again not conclusive. *United States Hoffman Machinery Corp.* v. *Talkow,* 308 Mich. 318. Each of the 4 documents used for the 4 sales shows that the order was taken by one Joyce, a salesman for plaintiff. The record does not make any showing that Frankl or Foote, who signed the delivery invoices, were officers of the company or had any authority to enter into a title-retention contract. At the trial in the court of common pleas, a transcript of which was

introduced as an exhibit, the attorney for plaintiff stated:

"Yes, if the court please, there will be noted on all of these exhibits that the salesman was a person named Joyce. He was not available today. However, I have contacted him and talked with him. He tells me that there is no testimony that he can give that would aid us or the court. He does recall that somebody either called up or came into the store and selected certain merchandise and he wrote up the order. Further than that he has no remembrance."

The trial judge held that plaintiff, who had the burden of showing that there was a title-retention contract, failed to do so. Numerous cases are cited but all of them call for a construction of printed or written contracts which give the details of the transaction. In this case we have nothing at all except a mere printed underwriting, which plaintiff had printed on its delivery receipts, after the agreement to sell had been made. There is no testimony whatsoever that a title-retention contract was agreed upon. Had there been one, plaintiff undoubtedly would have produced some testimony. The trial judge was correct in his holding that there was no proof that a title-retention contract was entered into. Having come to this conclusion, we need not discuss the many cases cited where duly executed contracts were construed.

Judgment for defendant National is affirmed, with costs of both courts.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.