## VAN DYK *v.* UTTER.

1. REPLEVIN—DEMAND FOR RETURN—QUESTION FOR TRIER OF FACTS— EVIDENCE.

> Finding of trial court in nonjury case that an oral demand had been made against defendant before starting replevin action for return of the goods is not disturbed on appeal, where issue was one of fact under evidence presented.

2. SAME—BOND.

> The plaintiff's failure to file original of bond in replevin action with clerk of court until time of trial afforded no ground for dismissal of action, especially where a bond had been procured and given to the deputy sheriff and notice of the amount and names of the sureties sent to the clerk and defendant's attorneys.

3. SAME—TITLE-RETAINING CONTRACT—TRANSFER OF POSSESSION BY BUYER.

> Plaintiff seller of hardware merchandise under title-retaining contract which also provided that the goods were to be kept by the buyer who was to use it "in his possession in the city of Grand Rapids" was not to be denied relief by way of replevin by virtue of sale of the property at auction, where testimony as to plaintiff's knowledge of such sale was in conflict and trial court gave judgment to plaintiff for balance due after deducting appraised amount of property returned under writ.

4. SAME—WRONGFUL TRANSFER OF POSSESSION.

> The right to bring replevin cannot be destroyed by defendant wrongfully transferring possession of the property.

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur, Replevin § 59.
    Demand for possession as condition of seller's right to retake property or otherwise enforce forfeiture under conditional sale. 59 ALR 134.
[2] 46 Am Jur, Replevin §§ 53–59, 75.
[3, 4] 46 Am Jur, Replevin §§ 50, 61.
[5] 14 Am Jur, Costs § 92.

5. Costs—Brief.
    No costs on appeal are allowed plaintiff upon affirmance of judgment for him in action of replevin, where he filed no brief.

Appeal from Kent; Souter (Dale), J. Submitted June 3, 1959. (Docket No. 22, Calendar No. 47,484.) Decided October 12, 1959.

Replevin by Kenneth R. Van Dyk against Earl H. Utter. Money judgment for plaintiff. Defendant appeals. Affirmed.

*Henry J. Milanowski,* for defendant.

Kelly, J. Defendant and appellant appeals from the court's judgment for plaintiff and appellee in a replevin action.

March 14, 1955, the parties entered into a contract by which defendant was to purchase from plaintiff a quantity of hardware merchandise for the price of $2,200, payable $100 at the time the contract was signed, $400 on or before March 21, 1955, and the balance of $1,700 by April 11, 1955.

The contract provided that "the title to, and ownership of, the said goods, and the right to the possession in case of any default, shall be and remain in the seller, until the purchase price is fully paid, with interest as aforesaid" and, also, that "the buyer shall keep and use said property in his possession in the city of Grand Rapids."

On April 11, 1955, the contract date when the $2,200 should have been paid, defendant had paid only $813. Plaintiff endeavored, without success, to obtain a return of the merchandise and sought possession by replevin.

The merchandise returned under the writ of replevin was appraised by 2 disinterested persons at the sum of $100 and $125, respectively. The court

accepted the higher appraisal and found there was a principal balance due plaintiff of $1,262.

Appellant does not claim fraud, nor in any way dispute the court's finding that he owed plaintiff $1,262, but seeks to interpose technical defenses.

Defendant contends plaintiff never made a demand for the return of the goods and that such demand is a necessary condition precedent to the bringing of the replevin action. Plaintiff contends in his declaration and so testified that he did make such a demand. This defense is answered by quoting the following from *United States Hoffman Machinery Corp.* v. *Talkow,* 308 Mich 318, 322, 323:

"Defendant claims that the replevin action is defective in that no legal demand for possession was made prior to obtaining the writ. While it is true that apparently no written demand was made, yet the plaintiff's attorney testified that he personally made a demand. The defendant partially denied such a demand having been made. The question became one of fact, determinable by the circuit judge hearing the case without a jury. The circuit judge found demand was made, otherwise he could not have rendered judgment for plaintiff. The record supports plaintiff's contention that demand before suit was made."

Defendant does not impress this Court with his claim that we should set aside the judgment because of plaintiff's failure to file a bond with the court. The facts disclose that plaintiff procured a bond, gave same to the deputy sheriff and sent notice of the amount of the bond and names of the sureties to the clerk of the court and to defendant's attorney, but failed to file the original of the bond with the court until the time of trial. In *McGuire* v. *Galligan,* 57 Mich 38, we held that failure to give bond in replevin is not ground for dismissing the suit, which can still be tried on the merits.

Finally, defendant insists that judgment is erroneous, not because it is for an amount not due and payable, but because defendant had sold at auction some of the merchandise and that this fact was known to plaintiff when he commenced his replevin.

Plaintiff stated that he first ascertained defendant had disposed of some of the merchandise when he endeavored to collect the full amount at the time the final note became due on April 11, 1955, but denied knowing that the goods were going to be sold or that he gave permission to defendant to sell.

The written contract did not authorize a sale of the goods in the less than 30 days elapsing between the date of purchase and the day when final and full payment was to be made (March 14, 1955—April 11, 1955), but provided that title was to remain in plaintiff until payment was made and that the goods were to remain in the city of Grand Rapids.

Defendant's position can be summarized as follows —I owe the money the court has found I should pay, but I should not be compelled to pay what I owe until plaintiff starts an action in assumpsit—an action to which I will have no defense.

The following from *McBrian* v. *Morrison,* 55 Mich 351, 353, is applicable to the facts in this appeal and the answer to defendant's contention:

"The question is whether a defendant is exonerated from liability for such wrongful possession by turning it over to some one else. In most cases a cause of action cannot be destroyed by the act of the wrongdoer alone. And if a right to bring replevin can be destroyed by the defendant, without the fault or even the knowledge of the plaintiff, the case would certainly be exceptional. It would not be a difficult matter, by a series of concealed transfers, to cut him off entirely from this action."

To grant defendant's contention in the case before us would amount to a miscarriage of justice and,

therefore, this Court finds that the judgment of the lower court should be sustained.

Affirmed. No costs, appellee not having filed a brief.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.