CHARLOTTE C. B. HATCH, Executrix, *vs.* THOMAS B. CODDINGTON and others.

May 16, 1884.

**Former Judgment in Trover held a Bar to an Action of Replevin.**— Plaintiff brought a former action (a common-law action of trover) against defendant, to recover damages for the alleged wrongful conversion of certain personal property. Upon the same state of facts he now brings the present action to recover possession of the specific property itself. In each case he predicates his right to recover upon his general ownership and right of possession of the property, the wrongful possession of defendant, and his refusal to return it upon the rightful claim of the plaintiff. The only difference is in the relief prayed for—in the one case, damages for the conversion; in the other, a return of the specific property. *Held,* that the *subject-matter* and *cause* of *action* in both cases are the same, although the form of action and the relief sought are different, and therefore the judgment in the first action is a bar to a recovery in the second.

Appeal by plaintiff, as executrix of E. A. C. Hatch, deceased, from a judgment entered on the pleadings in the district court for Ramsey county, *Brill,* J., presiding.

The former action mentioned in the pleadings and opinion is *Hatch* v. *Coddington,* 95 U. S. 48.

*John B. & W. H. Sanborn,* for appellant.

*Chas. E. Otis,* for respondents.

MITCHELL, J.[1]  The second defence set up in the answer is a former adjudication. The reply sets out in full the pleadings, issues, evidence, and proceedings in the former action. The declaration in that case was in the ordinary form in a common-law action of trover. The material allegations were that on the 13th of May, 1859, the plaintiff was possessed, as of his own property, of 45 Minnesota state railroad bonds; that on the same day they came into the possession of defendant, who, although well knowing that they belonged to plaintiff, refused to deliver them to him upon request, but converted them

---

[1] Dickinson, J., because of illness, took no part in this decision.

to his own use, to plaintiff's damage, etc. The material allegations. in the complaint, in the present action, are that on the 13th of May, 1859, plaintiff was the owner of 37 Minnesota state railroad bonds, (admitted to be part of the 45 described in the declaration in the former action;) that defendant Coddington, on or about said 13th of May, 1859, unlawfully obtained possession of the same, well knowing that they were the property of plaintiff, and has wrongfully and unlawfully kept possession of them, and has ever since pretended to be the owner and entitled to the possession thereof, well knowing that plaintiff was and is the owner and entitled to the possession of the same; and has always refused to deliver the same to plaintiff, although often requested so to do; that subsequently, in pursuance of the provisions of an act of the legislature of Minnesota, passed November 4, 1881, (Laws 1881, Ex. Sess. *c.* 1,) entitled "An act providing for the adjustment of certain alleged claims against the state," defendant surrendered these bonds to the state in exchange for 61 new bonds of the state, and the sum of $350.71 cash, which he has deposited with defendant bank, in whose possession the same now are; that plaintiff is now entitled, *by virtue of his ownership of the old bonds,* to the possession of these new bonds and the $350.71 in cash; that he has demanded possession of the same from the defendant bank, which has refused to deliver the same. He then asks for judgment that he be adjudged the owner, and entitled to the possession of these new bonds and $350.71 cash, and that the defendant bank be adjudged to deliver the same to him, and that he have such other and further judgment and relief as may be just and equitable.

An inspection and comparison of these two pleadings clearly shows that there is an identity of parties, subject-matter, and cause of action in the two actions. The fact of the exchange of the old bonds for the new and the cash in nowise affects the matter, for plaintiff rests his claim to the latter wholly upon his right to the former. So far as concerns the question under consideration, the case stands precisely as if the action had been brought to recover the old bonds. The property, then, is the same, and every material allegation of the two pleadings the same, and the evidence necessary to recover would be identical in both cases. As suggested by counsel for respondents,

by this new statement of plaintiff's rights nothing is added or taken from the old. It is the same claim, without a suggestion of anything which has in any way changed the rights of the parties since the former adjudication. The action is changed in form only. In the former suit the plaintiff sought to recover the value of the property alleged to have been converted; in the latter, he seeks to recover the specific property, but in each case upon the same state of facts. The substantial part of the first action was the alleged conversion. This conversion consisted of defendant's refusal to deliver the property upon the claim of the plaintiff. To recover in such an action, plaintiff would be required to prove his right to the possession, and defendant's refusal to deliver upon his rightful claim,—just what he would have to prove in the present case. Under such a state of facts, the judgment in a former suit operates as an estoppel, according to the authority of all the adjudicated cases.

The plaintiff, however, suggests that, in a common-law action of trover, nothing but the right of possession is determined; but that, in a civil action under the Code, the court may grant the party any relief to which he may show himself entitled: and he then resorts to the reply to show that plaintiff has some equitable interest in these bonds; that defendant held them only as security for damages for the breach of a certain contract between him and the M. & P. R. Co., and that plaintiff is entitled to an accounting to ascertain the extent of defendant's interest, and that while this could not be done in the common-law action of trover, it can be done in an action like the present under the Code. In brief, that, under the Code, a complaint to recover specific personal property, setting up absolute ownership and right of possession, may, in connection with the reply, be turned into a bill of accounting. But it is elementary that a reply cannot take the place of a complaint, so as to change the character of the action, or enlarge the rights and remedies of the plaintiff. It will not avail that the reply may disclose certain rights in plaintiff which might have been made the grounds of complaint. These rights must be set up in the complaint, so that the defendant can, by answer, traverse them. There are no facts stated in the complaint showing that plaintiff is entitled to any such relief, and there is nowhere in the record any suggestion

that any such relief is sought. True, the complaint asks for other and further relief, and it is also true that, where the defendant answers, the court may grant a plaintiff relief not demanded in the complaint. But the relief thus granted must be upon facts established *by evidence admissible under the pleadings, and consistent with the case made by the complaint and embraced within the issue.* The prayer for relief is not traversable, and forms no part of the cause of action.

Judgment affirmed.