RICHARD McBRIAN v. JOSEPH MORRISON.

*Replevin—Actual possession—Bond*

1. Replevin will lie for damages where property taken by defendant has been wrongfully transferred by him and is not in his hands when the writ issues.

2. Plaintiff in replevin is not bound to give a forthcoming bond as a condition to maintaining his action; and his right to damages is not lost by his refusal to take possession of property pointed out by defendant as a portion of that sued for, whether such refusal is before or after the service of the writ.

Error to Midland.   (Hart, J.)   Oct. 23.—Nov. 19.

REPLEVIN.   Plaintiff brings error.   Reversed.

*William S. Tennant* for appellant.    In New York replevin lies where the defendant has parted with the goods, and where he has concealed, removed or disposed of the property.   Wells on Replevin, § 135 ; *Ellis v. Lersner* 48 Barb. 539 ; *Nichols v. Michael* 23 N. Y. 264.

CAMPBELL, J.   McBrian brought replevin in March, 1883, for a quantity of logs, and of staves made from logs wrong-

fully cut on his land by defendant in the month previous. The sheriff returned the writ without seizure of property. On the trial there was evidence tending to show that defendant had staves in possession which plaintiff and the sheriff could not identify as to their origin. It also appeared that defendant offered to let the sheriff take a lot of logs which were at his mill, and which defendant said were from the land in question, but plaintiff did not regard them, where they were, as worth removing.

On the trial the plaintiff made out a clear case of the wrongful appropriation of his timber, and to this extent the court sustained his claim. But the jury were told—*first*, that the action must fail as to all staves and property not in defendant's own possession when the writ issued ; and *second*, that plaintiff could not recover for the logs which were not levied on when pointed out as before mentioned ; and the court refused to give various charges asked by plaintiff.

The sheriff's return was simply that he could not find property. There was no denial that the defendant had before the writ issued been in wrongful possession of the whole of it.

By Comp. L. § 6738 (How. Stat. § 8327), it is provided that if the property specified "shall not be found, or shall not be delivered to the plaintiff," he may proceed to recover the same or its value. And by a previous section (6736) it is provided that if plaintiff does not give bond the property shall, if taken, be returned to the person from whom it was taken.

So far as the logs in question are concerned we can see no reason why it can make any substantial difference whether the plaintiff declines to take the property before or after the sheriff serves the writ. He is not bound to bond it unless he chooses, and his failure to do so does not arrest his action. There may be very good reasons why inability to get all the property demanded may render it onerous and unprofitable to take a part of it. The statute imposes no such condition as a measure of right. It may have been

true that the small parcel of logs pointed out by defendant were not really the logs which he took from plaintiff, and it may also be true that where they then were it would not be profitable to remove them.   It is certain that plaintiff need not have accepted and bonded them, and that defendant's position was not prejudiced by the sheriff's omission to take them, any more than it would have been by a seizure and return. · We think there was error in preventing a recovery for these logs.

Upon the question whether recovery could be had for staves which may not then have been in defendant's hands, resort must be had to the character of the action itself under our statute. · There is no doubt of its being chiefly valuable as a possessory action, although, as already seen, the plaintiff is not bound to make it so in all cases.   There is nothing in the language of the statute itself which confines recovery to property actually held by defendant at the date of the writ. If such is the rule, it must come from inference, and belong to the nature of the action.

By section 1 of the chapter of the Compiled Laws on Replevin, it is declared : " Whenever any goods or chattels shall have been unlawfully taken or unlawfully detained, an action of replevin may be brought for the recovery of the damages sustained by such unlawful taking or detention, except in the cases hereinafter excepted." [How. Stat. § 8315.]

This language, taken alone, is very broad, and would cover any possession once obtained by tortious taking or by tortious detention.   The. question is whether a defendant is exonerated from liability for such wrongful possession by turning it over to some one else.   In most cases a cause of action cannot be destroyed by the act of the wrong-doer alone.   And if a right to bring replevin can be destroyed by the defendant, without the fault or even the knowledge of the plaintiff, the case would certainly be exceptional.   It would not be a difficult matter, by a series of concealed transfers, to cut him off entirely from this action.

At common law a return that the property had been removed from the jurisdiction was no answer to the plaintiff ;

but he had a right to a writ to take *in withernam* by way of reprisal other property of the defendant to secure himself. In New York, where no part of the property was found, the statutes gave a capias to seize the body of the defendant, instead of a writ *in withernam*. 2 N. Y. Rev. Stat. p. 439, § 64. In case of partial seizure, judgment for damages was recoverable for what is not found, whether in defendant's possession or not. It is explained in *Snow v. Roy* 22 Wend. 602, that under that statute plaintiff, if he could not find the whole, was not bound to accept a part, and might have his capias for the entirety. There is nothing to indicate that it made any difference whether the removal of the goods was by transfer to third persons or by the defendant himself. His responsibility arose whenever he had once been in wrongful control and made any wrongful disposal whatever of the property. It is said in Fitzherbert N. B. 69 H. that where the lord has wrongfully distrained cattle, even their returning back to the tenant will not deprive him of his right to bring replevin to recover damages for the distress.

In reporting their work to the legislature the New York revisers declared it was their purpose to so extend the action as to make it a substitute for detinue, and concurrent with both trespass and trover. Our own statute is as broad in terms as the New York statute, and while not in all respects the same, does not seem to differ in substance in this respect. The action of detinue was not prevented by defendant's quitting possession before action. Com. Dig. " Detinue B." In *Nichols v. Michael* 23 N. Y. 264, it was held that the code substitute for replevin lies in spite of any wrongful. transfer by defendant. And reference is there had to English cases which fully sustain the same view, as well as to some earlier New York cases. And Selden, J., following the reasoning of the English cases, shows that one who has by his own wrong placed property where it is detained from plaintiff may justly be held to have contributed to that detention. And it might be further suggested that it cannot always be possible for the plaintiff to know whether defendant has parted with possession, and he might be subjected to costs

and delays in redress which he is in no way in fault for thus incurring.

The defendant can never be any worse off by reason of being held for damages in this form of action than in trespass or trover. There is therefore no occasion to lean against the construction which plaintiff claims, and which he is supported in claiming by good authority. He can only make out his case by such proofs as would be available in any other form of action, and he gets no larger or better judgment, so far as damages are concerned, in the one case than in the other.

We think the court erred in both of the particulars referred to. The judgment must be

Reversed and a new trial granted.

The other Justices concurred.