## REPLEVIN.

[Richland Circuit Court.]

*TISCHLER v. SEELEY.

1. REPLEVIN—NOT DEFEATED BY TRANSFER OF PROPERTY.

An action in replevin, or an action for damages where the property is not taken, is not defeated by the fact that defendant did not have actual possession of the property at the commencement of the action, where it appears that the

---

* The judgment of the circuit court in this case was affirmed by the Supreme Court, unreported, in 60 Ohio St., 629.

*Bowers & Black*, for plaintiff in error in Supreme Court, urging only one error, *i. e.*, that the trial court erred in his charge to the jury, and in the refusal to charge as requested, took the position that it was not a replevin suit but an action for conversion, cited:

Possession: Allen v. Leget, 2 Dec. (Re.) 152 (1 W. L. M., 585); Kauaga v. Taylor, 7 Ohio St., 134 [70 Am. Dec., 62]; State v. Jennings, 14 Ohio St., 73; Collier v. Bickley, 33 Ohio St., 523, 530; Sec. 7913-73, Rev. Stat.

Tischler v. Seeley.

defendant sold the property just previous to the commencement of the action and that plaintiff was ignorant of that fact.

**2. REPLEVIN—CONDITIONAL SALE—TENDER UNNECESSARY.**

Where an action in replevin is brought by the vendor under a conditional sale contract, against a subsequent mortgagee of the property, a tender under Sec. 4155-3, Rev. Stat., 82 O. L., 238, requiring refunder of money paid, is unnecessary.

**3. CONDITIONAL SALE CONTRACT—RECORDING.**

A conditional sale contract, withheld from record for six months, but filed a few minutes before the filing of a chattel mortgage on the same property, is sufficient to preserve the lien, in the absence of any statutory provision as to when such contracts shall be filed.

ADAMS, J.

This was a replevin suit brought by Seeley against Tischler to recover possession of a dental chair, table and bracket alleged to be worth $160. The prayer is for judgment for that amount with interest, for possession cannot be obtained. The property was not taken in replevin. The answer of Tischler is a general denial.

It seems from this record that Seeley did give the possession of this property to Searle, under a conditional contract whereby the property was to become Searle's after the payment of an agreed price, the price to be paid in installments. That conditional contract was in writing, properly executed and verified and was filed in the proper place six minutes before the chattel mortgage which Tischler had taken on the same property was filed, Tischler's chattel mortgage being filed in Crestline and the conditional sale contract being filed here in Mansfield. Searle had made some payments. There was evidence tending to show that Tischler knew of this conditional sale of the rights of Seeley under the conditional contract. The bill of exceptions contains all the evidence and the charge of the court, but there are some eight requests to charge the jury which are in no way identified as a part of the bill of exceptions and they are not attached to the bill as exhibits.

Now, counsel for plaintiff in error claims that this judgment is erroneous because it appeared from the evidence that, at the time this action was commenced, Tischler did not have possession of the property; that he had sold it to another party some time before the commencement of this action; but it nowhere appears in the record, as we think, that Seeley knew of that disposition of the property. The claim is further made that there was no tender made to Tischler of any part of the amount that had been paid by Searle.

Counsel argues at length that an action in replevin, or an action in damages where the property is not taken in replevin, cannot be maintained where, at the commencement ot the action, the defendant did not have the actual possession of the property.

Now, Sec. 5827, Rev. Stat., provides that, if the property is not taken or is returned for want ot the undertaking, the action may proceed as one for damages. The statute does not specify any particular reasons or instances in which the property is not taken, but it is general and unqualified that, it the property is not taken, the action may proceed as one for damages.

Some authorities have been cited in support of the claim of counsel tor plaintiff in error, but, in Cobbey on Replevin, Sec. 66, we find this exception to the general rule: "Where the property was ·in defendant's possession and wrongfully transferred by him shortly before the commencement of the action, or where the statute allows a replevin action to proceed as one for damages if the property is not taken, the rule is different. In Michigan the action has been allowed to proceed, under their statute, even where the defendant pointed out part of the property named in the writ and plaintiff refused to take possession of it."

The plaintiff, under such circumstances, was not bound to give a new bond. Of course, the only result of a suit under such circumstances would be a money judgment. The property has passed beyond the process of the court.

We think that McBrian v. Morrison, 21 N. W. Rep. 368, [55 Mich. 351,] has a case cited in the foot note of the Michigan statute very similar to our statute on that subject, and we follow the principle laid down in that section.

Now, so far as Sec. 4155-3, Rev. Stat., and under that Sec. 2, is concerned, which provides that the vendor of property· conditionally sold cannot retake possession without repaying part ol the price paid, that is, he must tender or refund the sum or sums of money so paid after deducting therefrom a reasonable compensation for the use ot such property, which shall in no case exceed fifty per cent. of the amount so paid; Tischler was not the purchaser ot the property, but, assuming that he stood in the shoes of Searle, so far as the repaying of these sums is concerned, the Supreme Court in Weil v. State, 46 Ohio St., 450, 455, expressly hold that the requisities of this section ot the statute as to the refunder of the money paid do not apply where the property is taken by legal process; it only applies where the party takes possession of the property without resorting to the courts. Where it is by legal process, by replevin suit, foreclosure of chattel mortgage, or by suit on contract or conditional sale contract, where the rights of the parties can be adjudicated by the court, that tender is not necessary.

Another question is made, that this conditional sale contract was not filed immediately alter its execution and delivery. The statute does not provide when these conditional sale contracts shall be filed. The provision is that until filed they are void as against purchasers and mortgagees in good laith, etc.

We think this disposes of all the assignments of error, and, after reviewing the evidence and the charge of the court in the light of the statutes and decisions of the Supreme Court, we find no error in the record and the judgment is affirmed.