[No. 6437. Decided December 12, 1906.]

JACOB ANDREWS, *Respondent*, v. UNCLE JOE DIAMOND
BROKER, *Appellant*.[1]

APPEAL—TIME OF TAKING—FILING NOTICE AND BOND. An appeal will not be dismissed for failure to file the notice and bond within five days after the date of acceptance of service appearing thereon, when such date antedates the notice and bond and was evidently a clerical error.

APPEAL—FINALITY OF DECISION—JUDGMENT AS TO ONE DEFENDANT. An appeal will not be dismissed because taken from a judgment against only one of two defendants, when the other defendant had not appeared in the action at the time of the appeal.

PLEDGES—VALIDITY—MUTUALITY. The pawning of a ring for $50, under an agreement that after one year it might be redeemed on the payment of $75, is not unilateral by reason of the indefiniteness as to the time for redemption; and upon tender within a reasonable time, the pledgor is entitled to possession.

APPEAL AND ERROR—DECISION—TENDER—KEEPING GOOD—EVIDENCE—FINDINGS. In an action to redeem a pledge, in which the complaint alleged tender of the sum due the pledgee, but the findings of the court and the record on appeal fail to show whether the tender was kept good, judgment for the return of the goods will be reversed and remanded with instructions to determine whether the tender has been kept good; since if the tender was paid into court as alleged, the respondent should have made the record on appeal show such fact.

Appeal from a judgment of the superior court for King county, Morris, J., entered July 9, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the

[1]Reported in 87 Pac. 947.

court without a jury, in an action of replevin to recover possession of a diamond ring pawned with the defendant. Reversed.

*John E. Humphries* and *Geo. B. Cole*, for appellant.

*E. J. Grover* and *Allen, Allen & Stratton*, for respondent.

HADLEY, J.—This is an action in replevin, to recover the possession of a diamond ring, or the value thereof, and its value is alleged to be $250. Joseph Hoeslich and Uncle Joe Diamond Broker, a corporation, were made defendants. The complaint alleges, that in August, 1904, the defendant Joseph Hoeslich was conducting a loan and pawnshop business in Seattle, under the name of "Uncle Joe," and otherwise known as "Uncle Joe Loan Office;" that in said month the plaintiff pawned with said Joseph Hoeslich the ring in question, of which plaintiff was the owner, and that he received thereon the sum of $50, with the understanding and agreement that the ring should be kept by said Hoeslich until said sum was repaid, it being further agreed that, if the sum was repaid within one year, then, in that case, plaintiff should pay $15 for the use of the money, or $65 in all; but if redemption was not made within a year, then plaintiff was to pay $25 for the use of the money, or $75 in all. It is also alleged, that said Hoeslich then delivered to plaintiff a receipt in writing, setting forth said agreement, which was numbered 9041, and that entry thereof was made in the books of said loan office; that thereafter, on the 2d day of November, 1905, plaintiff tendered the sum of $75 to defendant, Joseph Hoeslich, at said loan office, and demanded the return of the ring, which was refused.

Further allegations are to the effect that, after the making of said pledge agreement, the said Hoeslich incorporated said loan office and business, under the name of "Uncle Joe Diamond Broker," such incorporation being simply for convenience and for the purpose of taking over and conducting

the business theretofore conducted by Hoeslich; that the business was so taken over, and that, in consideration for the transfer, the corporation assumed and agreed to pay all indebtedness incurred by said Hoeslich in conducting said business, and agreed to carry out and perform all contracts as to pledged property made by him. It is alleged that plaintiff also tendered to said corporation defendant the sum of $75, and demanded the return of the ring, which was refused, and that he now tenders and pays the same into court. Issue was joined by the corporation defendant, and a trial was had before the court without a jury, resulting in a judgment against the corporation for the return of the ring to plaintiff or, in case return thereof cannot be had, judgment is awarded to plaintiff for $250, the value of the property. This appeal is from the judgment.

A motion has been made to dismiss the appeal, on the ground that no bond on appeal was filed within five days after service of the notice of appeal. The notice of appeal bears date July 16, 1906, and the file marks show that it was filed the same day. The bond was also dated and filed July 16. The service clause appended at the foot of both the notice and bond, and signed by respondent's attorney, bears date July 9, which was seven days before the actual date of the notice and bond. The argument is made that the service date of the notice shows that the appeal was taken on the 9th, and that, as the bond was not filed until the 16th, it was not within five days after the appeal was taken. The service date of the notice is manifestly an error, since it antedates the instrument itself. The same error appears upon the bond, and the record satisfies us that the appeal was not taken until the 16th, and the bond was both served and filed on that day, which was within time to perfect the appeal.

The motion to dismiss the appeal is urged upon the further ground that the appeal is from a judgment against one of the defendants only, and that the action is still pending in

the lower court upon issues joined by the defendant, Joseph Hoeslich. The record, however, shows that no appearance had been made and no issue had been joined by the defendant Hoeslich, when the judgment appealed from was rendered, and when the appeal was taken. Under such circumstances, appellant is entitled to prosecute the appeal from the judgment. It was a final judgment, and the other defendant was not a party to it. The motion to dismiss the appeal is therefore denied.

Appellant assigns errors upon the court's findings as to the facts. No verbatim report of the evidence was made at the trial, but a narrative statement of the testimony has been embodied in the statement of facts, and certified by the court. The findings made by the court substantially conform to the allegations of the complaint hereinbefore set out, and we think they are sufficiently supported by the evidence. We shall, therefore, not disturb such findings as were made by the court, but we shall hereinafter refer to a material fact upon which the court made no finding.

It is assigned that the court erred in its conclusion of law. It is argued that the conclusion was erroneous, for the reason that respondent cannot recover because of the statute of frauds. It is asserted that there was no agreement in writing, and that the agreement shown in evidence was not to be performed within one year. The complaint alleges that there was a written receipt given to respondent which stated the terms of the agreement. The court found that there was such, and we have said we think the evidence supported it. The objection raised on the ground of the statute of frauds is, therefore, not well taken.

It is further claimed that the contract was unilateral, and could not have been enforced by appellant, for the reason that no definite time was fixed for its performance, and that respondent was given the right to redeem at any time after one year, upon payment of $75. Whatever may be said as to the time within which appellant might have enforced its

lien, it at least cannot be said that the contract gave it the right to withhold possession forever, if tender were made within a reasonable time. The ring was the property of respondent. The appellant had only a possessory lien thereon, and the tender of the amount of the lien was made soon after the expiration of a year. The contract was definite that redemption could be made within a year upon payment of $65, and after that time for $75. The tender of the latter sum was made within a reasonable time, and respondent, thereupon, became entitled to the possession. We think the contention that the contract was unilateral is not available to relieve appellant of liability, if the tender was kept good.

Appellant argues that there was no evidence of the tender having been kept good. The complaint alleges a tender to appellant and a refusal to accept it before suit, and also that it was brought into court. The court expressly found that there was a tender made on November 2, 1905, which was before suit was brought; but did not expressly find that the tender either was, or was not, kept good. There was evidence of the tender before suit, but we find no testimony that it was brought into court and kept good. The statement of facts, however, contains the following recital:

"The defendant admitted in open court that a tender, as alleged in plaintiff's complaint, had been made, and that it would be unnecessary to offer proof of that subject."

The above admission relieved respondent of the necessity of making proof upon the subject of tender "as alleged in plaintiff's complaint," which covered both the original tender and the bringing of the same into court. It did not, however, extend to an admission that the tender had been kept good until the time of the trial. Respondent's right to maintain the suit, and obtain the judgment, depended upon whether he had tendered the $75, and had at all times kept the tender good. Appellant argues, with apparent seriousness, that the judgment is against it for the return of the ring or its value,

and that respondent retains the $75. Such a result would
be manifestly wrong, and the condition of the record is such
that we cannot tell whether the tender has been kept good so
that it has at all times been available to appellant or not. If
it was kept good so that appellant could have drawn it from
the registry of the court at any time, respondent should have
seen that the record so disclosed. In the absence of such a
showing, the cause will have to be remanded for further pro-
ceedings.

The judgment upon the record before us is therefore re-
versed, and the cause remanded, with instructions to the trial
court to vacate the judgment, and then proceed to ascertain
if the tender in court was at all times kept good, and to enter
an additional finding upon that subject. If it shall be found
that the tender was kept good, then judgment shall be entered
to the same effect as the former judgment. Otherwise judg-
ment shall be entered dismissing the cause. Appellant is
entitled to recover its costs upon this appeal.

FULLERTON, DUNBAR, and CROW, JJ., concur.

MOUNT, C. J. and RUDKIN, J., took no part.