[No. 6721. Decided September 28, 1907.]

JACOB ANDREWS, *Respondent,* v. JOSEPH HOESLICH, *Appellant,* UNCLE JOE DIAMOND BROKER, *Defendant.*[1]

REPLEVIN—DEFENSES—POSSESSION OF DEFENDANT. The rule that replevin does not lie against one not in possession of the property, does not obtain where the defendant had been in possession and wrongfully disposed of the property prior to the commencement of the action, without the knowledge of the plaintiff at the time.

SAME—TENDER—KEEPING GOOD. If, in an action of replevin for property pawned, plaintiff is obliged to keep good his tender of the sum received on the pledge, it is sufficient if the money was paid into court and remained there before service of summons upon defendant, although not paid, as alleged, with the filing of the complaint.

[1]Reported in 91 Pac. 772.

Appeal from a judgment of the superior court for King county, Morris, J., entered January 19, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of replevin. Affirmed.

*John E. Humphries* and *George B. Cole*, for appellant.

*Jay C. Allen*, for respondent.

CROW, J.—This action, which was brought by Jacob Andrews against Joseph Hoeslich and the Uncle Joe Diamond Broker, a corporation, to recover possession of a diamond ring, has heretofore been before this court on an appeal prosecuted by the defendant corporation, and a statement of the pleadings and the facts involved may be found in the opinion then filed. *Andrews v. Uncle Joe Diamond Broker*, 44 Wash. 668, 87 Pac. 947. At the former trial the defendant, Joseph Hoeslich, was not in court. He was served afterwards, and on July 28, 1906, served his answer, in which, after denying allegations of the complaint, he affirmatively pleaded, that on August 27, 1904, the plaintiff left the ring with him as a pawn to secure a loan of $50; that he issued a pawn ticket to the plaintiff; that thereafter the plaintiff sold and delivered the pawn ticket to him for the sum of $5 in addition to the $50 loan, and that the plaintiff then ceased to have any further interest in the ring. This affirmative answer being denied, the cause was tried on the issues thus joined between the plaintiff and the defendant Joseph Hoeslich. The trial court made substantially the same findings as those made on the former trial, sustaining all the allegations of the complaint, and further found that, within a week or so after the ring had been pawned, the defendant Joseph Hoeslich sold it without the knowledge or consent of the plaintiff, that in this action the plaintiff tendered to the defendant, and paid into court for his use and benefit, the sum of $75, which has ever since remained in the registry of the court, and that the ring was of the reasonable value of $216. Upon these

findings a final judgment was entered in favor of the plaintiff for the return of the ring, or in case a return could not be had, for the sum of $141, being its value less the $75 in the registry of the court. The judgment further provided that, if the ring should be returned, the $75 in the registry of the court should be paid to the defendant; but that otherwise the plaintiff was not only to have judgment for $141, but the $75 should also be returned to him. The defendant has appealed.

The appellant's first assignment of error is based upon his exceptions to the findings of fact. We have carefully examined the evidence and conclude that the findings are supported by its preponderance. The appellant raises the same question based upon the statute of frauds that was urged by the defendant corporation on the former appeal, but we now adhere to our views then expressed.

The appellant further contends that, as he was not in possession of the ring at the time of the commencement of this action of replevin, the respondent cannot recover. The common law rule undoubtedly is that an action of replevin cannot be maintained against a defendant who is not in possession at the time the demand is made or the suit is commenced. This doctrine was announced in *Dow v. Dempsey*, 21 Wash. 86. 57 Pac. 355. In that case, however, it affirmatively appeared that the plaintiff instituted her action after she had learned and positively knew that the defendant, as sheriff of Spokane county, had parted with the goods, by delivering them to a receiver, in obedience to an order of court. Here the court did not find, nor is it suggested by the evidence, that the respondent knew at any time prior to the commencement of the action that the appellant had sold the ring or parted with its possession. Under such circumstances an exception must be recognized to the rule in *Dow v. Dempsey*, *supra*.

Where, as in this case, property has actually been in appellant's possession and has been wrongfully transferred by

him without respondent's knowledge, before the commencement of an action for the recovery of its possession, the rule that replevin will not lie against one not in possession at the time of the commencement of the action will not obtain. The evidence and findings show that the appellant's disposition or sale of the ring was wrongful. In an action for the recovery of the possession of personal property, when it appears for the first time during the progress of the trial that the defendant theretofore in possession had, prior to the commencement of the action, without the knowledge or consent of the plaintiff, wrongfully disposed of the property, it would be a rank injustice for any court to hold that the plaintiff cannot for that reason recover. Many well-considered cases hold that the action does not fail under such circumstances. Wells, Replevin (2d ed.), § 145; *McBrian v. Morrison*, 55 Mich. 351, 21 N. W. 368; *Gildas v. Crosby*, 61 Mich. 413, 28 N. W. 153; *Helman v. Withers*, 3 Ind. App. 532, 30 N. E. 5; *Holliday v. Poston*, 60 S. C. 103, 38 S. E. 449; *Latimer v. Wheeler*, 3 Abb. App. 35; *Ellis v. Lersner*, 48 Barb. 539; *Ross v. Cassidy*, 27 How. Pr. 416; *Brockway v. Burnap*, 16 Barb. 309; *Nichols v. Michael*, 23 N. Y. 264; *Harkey v. Tillman*, 40 Ark. 551.

In the last mentioned case the supreme court of Arkansas said:

"Actual possession of the property by defendant is not always essential, at the time of the writ. That would be a very inconvenient rule, which would enable one who had wrongfully taken or detained property from the owner to refuse to deliver and hold to the last moment before the writ, and then evade a suit by a transfer of possession. His successor might do the same; and his after him; and so on *toties quoties*, until the costs of writs to the owner would consume the property. When one is wrongfully detaining property and refuses it on demand, he is liable to the action, although it may not remain in his possession when suit is brought."

In *Sinnott v. Reiock*, 165 N. Y. 444, 59 N. E. 265, the court of appeals, in a well-considered case, held that a defendant is

not liable in an action of replevin for the recovery of chattels, after they had been taken from him by process legal as to him, and not by any voluntary act on his part; but in its opinion, in which many of the earlier cases are considered and reviewed, it clearly recognizes the doctrine announced in *Nichols v. Michael*, 23 N. Y. 264, and other cases above cited. In this state an action to recover the possession of personal property may be prosecuted without claiming delivery until after final judgment on the merits. In such a case the reason for the common law rule forbidding the prosecution of an action of replevin against one not in possession fails, and we see no reason why an alternative judgment for the possession of the property or the recovery of its value may not be obtained, although the evidence establishes the fact that the defendant was not in possession at the commencement of the action, or at any time thereafter, provided it further appears that the defendant had theretofore been in possession, had voluntarily, wrongfully, and fraudulently parted with such possession, and that the plaintiff did not know before commencing action that the defendant had so parted with possession. The appellant, who wrongfully disposed of the ring without the knowledge or consent of the respondent, who failed to advise the respondent of such disposition prior to the commencement of this action, and who concealed his wrongful acts from the respondent at all times prior to the trial, is now in no position to contend that judgment shall be entered against the respondent, because the evidence fails to show that he, the appellant, had possession of the ring at the commencement of the action.

The appellant further contends that the respondent did not keep his tender good. The complaint was filed on January 27, 1906, but the respondent did not deposit the $75 in the registry of the court until March 21, 1906, and the appellant now insists that the tender was not kept good as the money was not deposited when the complaint was filed. Under the

facts before us, there is no merit in this contention.  Although
the respondent made a tender prior to the commencement of
this action, he has proceeded upon the theory that it was nec-
essary for him to thereafter keep such tender good.   In his
complaint he not only alleged the tender made when he de-
manded possession of the ring, but further alleged, "That the
plaintiff has offered, as hereinbefore alleged, does now offer
and tender to pay the sum of seventy-five dollars ($75) in
discharge of said pledge aforesaid, and does now tender and
pay into court the sum of seventy-five dollars ($75) the
amount thereof."   This allegation was denied by the answer,
and in our opinion on the appeal of the defendant corporation,
we found that it was not sustained by the evidence.   Proceed-
ing upon the theory of the respondent, we then said:

"Respondent's right to maintain the suit, and obtain the
judgment, depended upon whether he had tendered the $75,
and had at all times kept the tender good.   Appellant argues,
with apparent seriousness, that the judgment is against it for
the return of the ring or its value, and that respondent re-
tains the $75.   Such a result would be manifestly wrong, and
the condition of the record is such that we cannot tell whether
the tender has been kept good so that it has at all times been
available to appellant or not."   Andrews v. Uncle Joe Dia-
mond Broker, 44 Wash. 668, 87 Pac. 947.

Notwithstanding this language, we do not wish to be under-
stood as holding that, under the facts of this case, the re-
spondent was under any legal obligation to bring the tender
into court with the filing of his complaint, and keep it there
at all times until final judgment.   It may be seriously ques-
tioned whether appellant's lien on the ring was not discharged
by the tender made prior to the suit.   Jones on Pledges and
Collateral Securities (2d ed.), § 542; Helphrey v. Strobach,
13 Wash. 128, 42 Pac. 537.   If his lien was then dis-
charged it might be further questioned whether it would have
been necessary for the respondent to keep his tender good
at the time of filing his complaint, and at all times there-

after.   *Weeks v. Baker*, 152 Mass. 20, 24 N. E. 905;
*Hyams v. Bamberger*, 10 Utah 3, 36 Pac. 202.   The re-
spondent, however, assumed by the allegations of his com-
plaint that he should keep the tender good.   In other words,
he did not plead or rely upon any claim that the lien had
been discharged, but prosecuted this action upon the theory
that to discharge the lien he must continue his offer to
keep the tender good as a condition precedent to the re-
covery of the possession of the ring.

On the former appeal a reversal was granted because it
neither appeared that the $75 remained in the registry of the
court at the time of final judgment, nor that the final judg-
ment protected the appellant corporation in all of its rights.
The record here shows beyond question that before service of
summons was made upon the present appellant, Joseph Hoes-
lich, the $75 tender was deposited in the registry of the court,
that it has since remained there, and that the trial court has
in the final judgment fully protected the appellant.   This
being true, he is now in no position to complain of the re-
spondent's failure to deposit the $75 at the time he filed his
complaint.   The evidence now before us establishes the fact
that the respondent has fully complied with every reasonable
requirement that could be made of him in the matter of tender.

The judgment is affirmed.

HADLEY, C. J., ROOT, FULLERTON, MOUNT, DUNBAR, and
RUDKIN, JJ., concur.