[No. 11069.   Department Two.   February 28, 1914.]

THOMAS H. GOURLEY, *Executor etc., Respondent*, v.
SADIE E. SMITH *et al., Appellants*.[1]

PARTIES — PLAINTIFFS — CAPACITY TO SUE — COMPLAINT — SUFFICIENCY. In an action to recover mining stock, brought by a trustee under a power of attorney, it is immaterial that the power had been revoked by death, where the complaint showed that the plaintiff also sued as executor and trustee under the will of his principal.

REPLEVIN — JURISDICTION—VENUE OF ACTION—PLEADINGS — SUFFICIENCY OF COMPLAINT. A complaint for the recovery of the possession of mining stock does not show want of jurisdiction of the subject-matter in failing to allege that the stock was in the county at the time the action was commenced, where it was alleged that the stock had been delivered to the original defendant, who resided and was served in the county, and that she wrongfully obtained possession thereof; even if, before or after the commencement of the action, she removed the property from the jurisdiction of the court and wrongfully disposed of it without plaintiff's knowledge to one who was brought in by amendment of the complaint, and appeared in the case.

Appeal from a judgment of the superior court for King county, Smith, J., entered September 7, 1912, upon findings in favor of the plaintiff, in an action to recover mining stock, tried to the court.   Affirmed.

*O. C. McGilvra* and *E. M. Farmer*, for appellants.

*J. L. Corrigan* and *M. H. Van Nuys* (*Morton T. Hunter*, of counsel), for respondent.

[1]Reported in 139 Pac. 58.

CROW, C. J.—Action by Thomas H. Gourley, as a trustee, and also as executor and trustee under the last will and testament of Leslie M. Crim, deceased, against Sadie E. Smith and Jennie Sargent to recover possession of mining stock. From a judgment in plaintiff's favor, the defendants have appealed.

One Leslie M. Crim, during his lifetime, was the owner of the certificate, calling for 200,000 shares of the capital stock of the Lost River Tin Mining Company, an Alaska corporation, alleged to be of the value of $70,000. On or about October 9, 1909, Crim executed and delivered to the Scandinavian American Bank, of Seattle, his demand promissory note for $750, and delivered and pledged the stock certificate to the bank to secure the payment of the note. Crim died testate on or about June 18, 1911. His will, which named Gourley as executor and trustee, was admitted to probate on September 18, 1911, and the respondent Gourley was duly appointed and qualified as such executor and trustee. Interest was paid on the promissory note at various times, both before and after Crim's death.

On or about June 27, 1911, shortly after Crim's death, and before the probate of his will, the appellant Sadie E. Smith paid to the Scandinavian American Bank the principal and interest then due upon the note, and the bank, upon her request and representation that she was acting for the protection of Crim's estate and for other stockholders of the mining company, without recourse, assigned and delivered to her the promissory note and the certificate of stock. Thereafter, and prior to the commencement of this action, the respondent Gourley, as executor and trustee under Crim's last will and testament, tendered to the authorized attorneys of Sadie E. Smith the total amount due upon the note, and demanded its delivery, and also the delivery of the certificate of stock. Afterwards and at the time of the commencement of this action, respondent deposited with the

clerk of the superior court $795 for the purpose of keeping his tender good and avoiding costs.

Subsequent to the commencement of this action, at Winlock, in Lewis county, Washington, the appellant Sadie E. Smith, in December, 1911, transferred all of her alleged claim and interest in and to the 200,000 shares of stock to her sister, the appellant Jennie Sargent, and then delivered the stock certificate to her. Thereafter, Jennie Sargent was made a defendant and appeared. One-third of the money paid to the bank by the appellant Sadie E. Smith for the note and stock certificate was advanced by the appellant Jennie Sargent, and one-third was advanced by one Mrs. Metilda Langhorn, their sister, who lives in another state. The understanding at the time being that, Mrs. Smith, Mrs. Sargent and Mrs. Langhorn were each to have one-third interest in the stock. The alleged claims of Jennie Sargent and Mrs. Langhorn were unknown to the bank, at or before the time it transferred the note and certificate to the appellant Smith. Respondent did not learn or know, until after the commencement of this action, that the appellant Jennie Sargent or Mrs. Langhorn had advanced any money to the appellant Smith for the purpose of purchasing the promissory note or stock certificate, that Smith had transferred her alleged interest or claim in the stock to the appellant Sargent, or that the appellant Sargent or Mrs. Langhorn claimed any interest in the stock certificate or note.

The above facts, which were, in substance, alleged in the second amended complaint, were also found by the trial court. The court further found that, at the time of the entry of judgment herein, the appellant Smith had possession of the note, and appellant Sargent had possession of the stock certificate. Upon these findings, it was decreed that, as against the appellant Sadie E. Smith and Jennie Sargent, the respondent had the exclusive right of possession to the stock; that the claim and interest of each of the appellants was void; that respondent should recover from appellant

Jennie Sargent the immediate possession of the stock certificate; that she be required to forthwith surrender and deposit the certificate with the clerk of the superior court; that the respondent should recover of the appellant Sadie E. Smith immediate possession of the promissory note, and that she be required to forthwith surrender and deposit the same with the clerk of the superior court. The judgment further provided that the clerk of the superior court forthwith pay to respondent's attorneys the costs of the action out of the $795 then on deposit with him, and that the remainder of such deposit be paid to the appellants, or to their attorneys.

The record shows that this action was originally commenced against the appellant Sadie E. Smith alone; that, after her demurrer to the original complaint had been overruled and after the issues had been partially formed, the appellant Jennie Sargent succeeded to the possession of the stock certificate. Thereupon, Jennie Sargent, by a second amended complaint, was made a defendant, and appeared in the action.

By their first assignment of error, appellants contend that the trial court erred in overruling the demurrer to the complaint. The complaint, in addition to alleging that Crim had died testate, that his will had been probated, and that respondent was the executor and trustee, also alleged that Gourley was a trustee appointed by a written instrument executed by Crim during his lifetime, with power to sell and dispose of this stock on behalf of Crim, or in the event of his death, for the benefit of his estate. Respondent Gourley also sued as such trustee. Appellants contend, in support of their demurrer, that the instrument executed by Crim prior to his death naming Gourley as his trustee to handle and sell the stock was a power of attorney only, which was revoked by Crim's death. It is not necessary for us to discuss this question, as, after the death of Crim, the respondent Gourley was regularly qualified as executor and trustee

10—78 WASH.

under Crim's last will and testament, and also sued in that
capacity, and the final judgment decrees the stock to him as
such executor and trustee.

It is further contended by appellants, in support of their
demurrer, that the superior court of King county never ob-
tained jurisdiction of the subject-matter of this action for
the reason that the complaint contains no allegation that the
note or certificate of stock, or either of them, was in King
county at the time of the commencement of the action. The
original defendant, Sadie E. Smith, was served in King
county, where she resided. The complaint, in substance,
alleged that the stock and note had been delivered to her,
and that she had wrongfully obtained possession thereof.
There is nothing in the pleadings or the record showing that,
at the time of the commencement of this action, the respond-
ent had any knowledge that she had removed the note or the
stock certificate from King county, nor does it appear that
she had then done so. At the time he pledged the stock cer-
tificate to the Scandinavian American Bank, Leslie M. Crim
also executed and delivered to the bank a blank assignment
of the certificate in order that it might be transferred if
necessary. Respondent's object in this action was to secure
possession of the certificate and note, and the allegations of
the complaint are sufficient to sustain a judgment awarding
possession to him. In *Andrews v. Hoeslich*, 47 Wash. 220, 91
Pac. 772, 125 Am. St. 896, 18 L. R. A. (N. S.) 1265, an
action was commenced to recover the possession of a ring
which had been pledged to the defendant as security for a
loan. The defendant contended that, as he was not in pos-
session of the ring but had sold it prior to the commence-
ment of the action, the plaintiff could not recover. The sale
had been made without the plaintiff's knowledge. Disposing
of the defendant's contention, we in substance held that the
rule that an action to recover the possession of personal
property does not lie against one not in possession of the
property does not obtain where the defendant had been in

possession and wrongfully disposed of the property prior to the commencement of the action, without the knowledge of the plaintiff at the time. In this action, respondent had no knowledge that the appellant Sadie E. Smith was not in possession of the stock and the note at the time he commenced the action. He did know and alleged that it had been transferred to her by the bank. He had every reason to believe they were still in her possession. He had no notice or knowledge to the contrary. She was served in King county, and was a resident of that county. If, without respondent's knowledge, she removed the stock from the jurisdiction of the superior court of King county, either before or after the commencement of the action, she could not thereby deprive respondent of his right of action, and the appellants are not in a position at this time to contend that the court never obtained jurisdiction of the subject-matter of the action.

The only remaining question is, whether the findings sustain the judgment and decree. A mere reference to the findings, the substance of which we have already stated, will show that they do sustain the decree. The stock undoubtedly belonged to the estate of Leslie M. Crim, deceased. It had been assigned to the bank as collateral security. The appellant Sadie E. Smith wrongfully procured from the bank the possession of the stock and note. There is no showing in the record that she had any right to the stock or the note, or that she was entitled to their possession.

The judgment is affirmed.

FULLERTON, MAIN, MORRIS, and ELLIS, JJ., concur.