## GASPAR BERIO, Plff.,

*v.*

## JAIME GAY Et Al., Dfts.

---

San Juan, Law, No. 1160.

SUIT FOR RECOVERY OF PERSONAL PROPERTY.

Pleading—Actions in Contract and in Tort.

    1. Both under the civil and common law there is a distinction between actions in contract and in tort, and a suit cannot sound in both.

Code of Civil Procedure—Names of Action.

    2. The Code of Civil Procedure does not prescribe names in which actions shall be brought, and many names of actions formerly in use may still be used.

Action of Reivindication.

> 3. The action of reivindication applies both to movables and immovables, and can be brought only against one in possession.

Prescription.

> 4. Actions ex contractu do not prescribe within one year, as subdivision 2 of § 1869 of the Civil Code refers to actions in tort.

Opinion filed November 27, 1916.

———

*Messrs. Francis & Soto* for plaintiff.

*Mr. H. G. Molina* for defendants.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case was filed October 19, 1916, and alleges that the plaintiff in July, 1914, bought certain dry goods at Mayaguez and had them shipped to plaintiff at Bayamón, and that on August 3 the defendants, without any authority, took possession of the merchandise and took it to their own warehouse at Corozal. Although requested to deliver the goods to the plaintiff, the defendants refused and still refuse to do so. Plaintiff prays judgment for the delivery of the merchandise or its value. The complaint is entitled in "replevin."

The defendants filed a demurrer. The ground as to prescription under the Code of Commerce is waived. The other two grounds will be discussed.

1. The demurrer sets up that the complaint does not allege the goods to be in the possession of the defendants at the commencement of the suit or when demand was made, and argues that replevin requires such possession. The defendants set up

IX. Porto Rico.—15.

that replevin is a common-law action not obtaining in Porto Rico, and that the suit as brought is a procedure known to the Spanish law as acción real reivindicatoria. The section of the Porto Rico Civil Code relied upon is 354 (substantially the same as article 348 of the Spanish Code), which is as follows:

"Ownership is the right by which a thing belongs to someone in particular, to the exclusion of all other persons.

"Ownership confers the right to enjoy and dispose of things without further limitations than those established by law. The owner holds a right of action against the holder and the possessor of the thing in order to recover it."

Questions of pleading are not always clear in Porto Rico, because the substantive law is contained in the Civil Code, which is in the main exactly the same as the Civil Code of Spain, while the methods of procedure to enforce the rights declared in the Civil Code are contained in a Code of Civil Procedure, taken directly from that of the western states of the United States, and therefore based upon the principles of the common law and common-law procedure. The rules of pleading are comparatively simple. Parties are to proceed by complaint, demurrer, and answer. The complaint under § 103 of the Code of Civil Procedure must contain:

"1. The title of the action, the name of the court and district in which the action is brought, and the names of the parties to the action.

"2. A statement of the facts constituting the cause of action, in ordinary and concise language.

"3. A demand of the relief which the plaintiff claims. If the recovery of money or damages be demanded, the amount thereof must be stated."

Berio v. Gay.

Both civil law and common law agree in the distinction, which really would seem to be fundamental to all law, between contract and tort.  The suit must still be brought either in contract or in tort, and not sound in both.  Section 104 of the Code of Civil Procedure distinctly provides as follows:

"The plaintiff may unite several causes of action in the same complaint, where they all arise out of:

"1. Contracts, express or implied.

"2. Claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same.

"3. Claims to recover specific personal property, with or without damages for the withholding thereof.

"4. Claims against a trustee by virtue of a contract or by operation of law.

"5. Injuries to character.

"6. Injuries to person.

"7. Injuries to property.

"8. The causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated; but an action for malicious arrest and prosecution, or either of them, may be united with an action for either an injury to the character or to the person."

2. The present Code of Civil Procedure, therefore, does not prescribe forms in which actions shall be brought.  Porto Ricans had become used to the forms in use under the Spaniards. It is true that the Spanish Code of Civil Procedure enacted in 1881 was not put in force in Porto Rico until 1885, and had hardly become well known before the American occupation of

1898; but this Code was the successor of not dissimilar procedure for half a century before, and was only repealed by the American military in regard to the proceedings after proof was brought; that is to say, inception and names of suits were not changed. Gen. Order No. 118 (15), Aug. 16, 1899. Many of the same names of the suits are still preserved in practice, and there would seem to be no impropriety in this.

3. Article 348 of the Spanish Civil Code, Porto Rico Civil Code, § 354, defining ownership and its incidents, is extensively commented on by Manresa, Comentarios, vol. 3, pp. 136, et seq. The theory of the civil law is that ownership constitutes a bond or a tie between the owner and the thing owned; and when another person takes possession this does not so much give a right of action, as it is thought of at common law, as constitute an obstacle to the exercise of ownership which is to be overcome by an action. That is the reason that such a suit is called a real suit, that is to say, it partakes of the quality of the thing itself. Realty as distinguished from personalty in the common-law sense is entirely foreign to the civil law. The different kinds of suits, which, according to Manresa, may be enforced by the owner, are as follows: First, the recovery of the thing itself, which is called "acción reivindicatoria." The word "reivindicar" is in the Spanish Code, articles 348 and 464, and is translated in the Porto Rico Code, §§ 354 and 466, as "recovery." The second action which can be brought by the owner is that for rescission, "acción recisoria," to invalidate the ownership gained over the thing in question. 8 Manresa, 140. The third action is called "negatoria," and is to be exercised by the owner of land claimed by another to be subject to an easement. Id. 141. The fourth is "ad exhiben-

dum," to have property exhibited in order to be certain of its identity. The fifth is "acción publiciana," which grows out of the civil possession of a thing. The object of this last would seem to be similar to that for unlawful detainer, "desahucio," which applies more especially to tenants or renters holding over, and the like.

The only action with which we are now concerned, however, is that of reivindication, which goes back to and beyond the Partidas. The whole first title of the 6th book of the Digest of Justinian is De Reivindicatione. According to Ulpian, Actionum genera sunt duo: in rem, quæ dicitur vindicatio: et in personam, quæ condictio appellatur. Digest, lib. XLIV., tit. VII., 25. Vindicatio was the seizure and holding of the property which initiated a suit by calling for the interposition of the pretor. Substantially the same thing appears in early Germanic procedure. Sohm, Inst. Roman Law, §§ 48n, 65. It does not seem that reivindicatio has been changed by Spanish or Porto Rican legislation. On March 10, 1904, the Porto Rican Code of Civil Procedure was approved, and it declares by § 361 that "all laws, royal decrees, orders and military orders, acts, parts of acts, inconsistent or in conflict with this Code, are thereby repealed." This would seem to leave in force what is not inconsistent or in conflict with the new Code. The new Code, as seen above, contemplates suits "to recover specific personal property with or without damages for the withholding thereof." Section 104 (3), copied above, which is substantially the action of reivindication as applied to personal property. This corresponds to the common-law suit of detinue, which was for possession of an article. The Supreme Court of Spain, speaking of the action of reivindication in general, which applied both to movables

and immovables, held, December 21, 1908, in appeal No. 140, that the suit was for possession and must be pursued against the party in possession. 112 Jur. Civ. 1105. No reason appears why this should not apply in Porto Rico.

There is the great inconvenience that the possessor might get rid of the possession just before suit brought and by a chain of such acts might make it difficult for the plaintiff to recover at all. This is forcibly pointed out in a Michigan case, McBrian v. Morrison, 55 Mich. 351, 21 N. W. 368, and also in Harkey v. Tillman, 40 Ark. 551, 555. But this must be left to legislation. The Spanish theory is plain that if the owner wishes to recover possession of his goods he must bring suit against the party in possession. If the owner wishes to sue for damages, that he must do in a suit containing somewhat different allegations. He has the right to do either, but the new Code of Civil Procedure does not seem to go so far as to authorize him to bring both in one suit, somewhat as at common law detinue and trover cannot be joined in one action. It may be noted, by way of analogy, that the common-law declaration in detinue followed the same rule. It was necessary that the declaration contain the allegation that the defendant "still unjustly detains the same from the plaintiff," etc. Stephen, Pl. * 28.

It follows that the first ground of demurrer must be sustained.

4. The second ground of demurrer is that the action has prescribed under subdivision 2 of § 1869 of the Civil Code, allowing one year for "actions to demand civil liability for . . . obligations arising from fault or negligence mentioned in § 1803 from the time the aggrieved person had knowledge thereof."

The suit at bar, however, is not brought under § 1803. That

Berio v. Gay.

is the well-known section as to torts, whether active or passive. The complaint in this case seems to waive the tort and proceed ex contractu; that is to say, upon the duty of the defendants to restore the property of plaintiff which they have taken.

The second ground of demurrer must be overruled.

It is so ordered.