[No. 19515.  Department Two.  December 22, 1925.]

## R. H. WHITE, *Appellant,* v. C. W. MILEY *et al., Respondents.*[1]

[1] ACTIONS (25)—SPLITTING CAUSE OF ACTION—TROVER FOR VARIOUS ARTICLES. In an action of replevin, the plaintiff should not be allowed to split his cause of action, but should include in one suit all his claims that may be properly brought into one suit.

[2] SAME (25)—SPLITTING CAUSES OF ACTION—DECEPTION BY DEFENDANT. Plaintiff in replevin is entitled to rely on defendant's statement that other articles in another county not included in the suit were not claimed by the defendant; and is not guilty of splitting his cause of action by failing to seek recovery therefor in the pending suit.

[3] REPLEVIN (10, 11)—RIGHT OF ACTION—POSSESSION OF DEFENDANT. Replevin lies against one who had been in possession and wrongfully disposed of the property without plaintiff's knowledge, or was in possession through another, prior to the commencement of the action.

[1]Reported in 241 Pac. 670.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered April 16, 1925, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action of replevin. Reversed.

*Horan & Mulvihill,* for appellant.

*W. P. Bell* and *Coleman & Fogarty,* for respondents.

MACKINTOSH, J.—In this action of replevin, brought to recover three bull hooks and five choker hooks, wires and pulleys, a judgment notwithstanding the verdict was granted, and the action dismissed. This appeal was then taken.

The motion was granted upon the ground that the appellant had split his cause of action, and that a judgment in a case wherein appellant was plaintiff and the respondents were defendants, being No. 21999 in the superior court of Snohomish county, was a bar to the present action.

The appellant had been engaged to do clearing on a right of way in Clallam county for the respondents, and in that work used a donkey engine and other equipment, including the property sought to be replevined in this action. Respondents, failing to allow the appellant to complete his contract, took the contract over and finished it, and took possession of the appellant's property which he had been using in clearing the right of way. The appellant then brought the action No. 21999 for conversion of the donkey engine and certain other personal property, not including the articles the subject matter of this suit, which is No. 22654 in the superior court of Snohomish county.

While No. 21999 was pending, the appellant made a demand upon the respondents for the hooks involved in this action, and he was informed that the respondents

did not claim these hooks, that they were in Clallam county, where the appellant had left them, and that he could there obtain them. At that time, in action No. 21999, respondents claimed the right to take the donkey engine and the other property there involved; and at the time the appellant was informed that no claim was being made for the hooks here in controversy, cause No. 21999 was in such a condition that, if respondents had made a claim to the hooks, they could have been included in that cause, which thereafter proceeded to trial and judgment was rendered against the defendants there, the respondents in this action, for the conversion of the donkey engine and other property.

Thereafter the appellant went to Clallam county to get the hooks, and discovered that they were not in the place where the respondents had taken possession of them, but that they had been in the possession of the respondents at another place where respondents were conducting operations. As already said, the superior court held that the appellant should have included these hooks in the conversion action, No. 21999; and, having failed to do so, he had split his cause of action and could not recover for them in this cause.

[1] At the outset, it may be conceded that, in cause No. 21999, the personal property sought to be recovered in this action could have been included; and that, ordinarily, the appellant having recovered for the conversion of the donkey engine and equipment, he should be held to waive any other cause of action which he might have had for the recovery of any other part of the engine's equipment. The authorities are multifarious to this effect, and hold that the rule against split causes of action requires the plaintiff to join in one action his claims and demands concerning all the property which can properly be brought into that action. 34 C. J. 834, 964; *Huffman v. Knight*, 36 Ore. 581,

60 Pac. 207; *Cole's Adm'x v. Illinois Cent. R. Co.*, 120 Ky. 686, 87 S. W. 1082; *Hatch v. Coddington*, 32 Minn. 92, 19 N. W. 393; *Claflin v. Fletcher*, 7 Fed. 851; *Herriter v. Porter*, 23 Cal. 385; *Burdge v. Kelchner*, 66 Kan. 642, 72 Pac. 232; *Kline v. Stein*, 46 Wash. 546, 90 Pac. 1041, 123 Am. St. 940; *State ex rel. Alaska Pac. Nav. Co. v. Superior Court*, 113 Wash. 439, 194 Pac. 412.

[2] But this concession does not justify a dismissal of this present action, for the rule as above stated is subject to a modification which is operative when the appellant has been misled by the defendant and thereby prevented from including in the original action the articles which are the subject of the second action. Under such circumstances, the splitting of a cause of action is permitted. Where, in the original action, articles have been omitted through fraud or mistake induced by the defendant, he will not be heard to raise the point that the articles sued for in the second action should have been included in the first. 2 A. L. R. 541. The appellant relied upon the statement of the respondents that they had returned the property to the place where they had gotten it, and that he could there obtain it. This statement was made to him while the first action in conversion was pending; and he being satisfied that the respondents were not claiming the hooks, that they were, in effect, tendering them to him, and that they were in Clallam county (which is some distance from Snohomish county) where he had left them, there was no reason why he should include the hooks in the original conversion action. The appellant was justified in relying upon these statements, and respondents cannot now complain that the appellant did so rely, and defeat his suit brought for the recovery of this property after it has been discovered that his reliance upon the statements was not justified.

Before this court could acquiesce in dismissing this action, it would be compelled to find that the appellant had not been deceived while the conversion action was pending in regard to the status of the property involved in the present replevin action. This the court cannot do, for it must assume that the appellant's testimony was true, the jury having found in his favor, and give him the benefit of every presumption and inference to which the evidence is susceptible.

[3] It is said, however, by the respondents that, in no event, will this replevin action lie, for the reason that the appellant knew that the respondents did not have possession of the hooks when this action was brought; and the case of *Dow v. Dempsey,* 21 Wash. 86, 57 Pac. 355, is cited to that effect. As we read the record, however, it does not justify our saying that the appellant knew that the hooks were out of the possession of the respondents when he instituted this action. We find nowhere any testimony that the appellant had such knowledge; but, on the contrary, it appears that, if the respondents had lost possession, the appellant did not know it, and that as a matter of fact the respondents either had possession themselves or through some other persons who were performing the contract. This court has modified the rule as originally announced in the case of *Dow v. Dempsey, supra,* and has held in *Andrews v. Hoeslich,* 47 Wash. 220, 91 Pac. 772, 125 Am. St. 896, 18 L. R. A. (N. S.) 1265, and *Gourley v. Smith,* 78 Wash. 286, 139 Pac. 58, in the former of which cases many authorities are cited,

" . . . that the rule that an action to recover the possession of personal property does not lie against one not in possession of the property does not obtain where the defendant had been in possession and wrongfully disposed of the property prior to the commencement of the action, without the knowledge of the plaintiff at the time."

The record not sustaining this latter ground relied on by the respondents, we conclude that error was committed in entering judgment notwithstanding the verdict, and the cause is remanded, with instructions to enter a judgment on the verdict.

Reversed.

MAIN, MITCHELL, and PARKER, JJ., concur.

TOLMAN, C. J., dissents.